**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVE HESSE, on behalf of himself and all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| GODIVA CHOCOLATIER, INC. and DOES 1 through 50, | |
| Defendants. | |

Plaintiff Steve Hesse ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Godiva Chocolatier, Inc. and DOES 1 through 50 (collectively, "Godiva" or "Defendant"), seeking monetary damages, injunctive relief, and other remedies. Plaintiff makes the following allegations based on the investigation of his counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on his personal knowledge.

## INTRODUCTION

1.      Plaintiff brings this consumer protection and false advertising class action lawsuit against Godiva based on its false and deceptive packaging and advertising practices with respect to a number of its chocolate products manufactured and sold in the United States bearing a "Belgium 1926" statement on the label (the "Godiva Chocolate(s)" or "Product(s)").

2.      At all relevant times, Godiva has prominently displayed the "Belgium 1926" representation (the "Belgium Representation") on the front packaging of all the Godiva Chocolates, representing that the Godiva Chocolates are made in Belgium.

3.      Godiva also extensively utilizes the Belgium Representation across its entire marketing campaign, such as on its Godiva storefronts, supermarket display stands, and print and social media advertising.

4.      Godiva intentionally plays on the false impression that the Godiva Chocolates are made in Belgium and then imported to the United States, in order to enhance the image of Godiva Chocolates as luxury chocolates.  It does this because Belgian chocolates are widely known to be among the highest quality in the world.

5.      However, unbeknownst to consumers, the Godiva Chocolates are not made in Belgium as represented.   Rather, all of the Godiva Chocolates are made in Reading, Pennsylvania.

6.      Plaintiff and other consumers purchased the Godiva Chocolates relying on Godiva's Belgium Representation and reasonably believing that the Godiva Chocolates are in fact made in Belgium.

7.      Had Plaintiff and other consumers known that the Godiva Chocolates were not made in Belgium, they would not have purchased them, or would have paid significantly less for them.  Therefore, Plaintiff and consumers have suffered injury in fact as a result of Godiva's deceptive practices.

8.      Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated. Plaintiff seeks to represent a Nationwide Class and a New York Subclass (defined *infra* in paragraph 38) (collectively referred to as the "Classes").

9.      Plaintiff, on behalf of himself and other consumers, is seeking damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Godiva is a citizen of a state different from at least some members of the proposed Classes.

11.     This Court has personal jurisdiction over Godiva because Godiva has sufficient minimum contacts with the State of New York, and/or otherwise intentionally avails itself of the markets in the State of New York through the promotion, marketing, and sale of Godiva Chocolates in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Godiva is also headquartered in New York.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Godiva maintains its principle place of business in this District and therefore resides in this District.

**PARTIES**

13.     Plaintiff Steve Hesse is a citizen of New York, and he currently resides in Suffolk County.  In or around February of 2016 and 2017, and in or around November of 2016 and 2017, Mr. Hesse purchased the Godiva Dark Chocolate Raspberry bar from a Godiva store in Smith Haven Mall in Lake Grove, New York, and from a Kohl's store in East Setauket, New York. In purchasing the Product, Mr. Hesse saw and relied on the front label of the Product.  Specifically, Mr. Hesse saw and relied on the phrase "Belgium 1926" on the label of the Product. Based on this representation, Mr. Hesse believed he was purchasing imported chocolate from Belgium. However, unbeknownst to Mr. Hesse, the Product that he purchased was not made in Belgium. Mr. Hesse would not have purchased the Product, or would have paid significantly less for it,

had he known that it was not made in Belgium.  Therefore, Mr. Hesse suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

14.     Despite being misled by Defendant, Plaintiff wishes to and is likely to continue purchasing the Godiva Chocolates in the future. Although Plaintiff regularly visits stores where Defendant's Godiva Chocolates are sold, absent an injunction prohibiting the deceptive labeling and advertising described herein, he will be unable to rely with confidence on Godiva's representations in the future and will therefore abstain from purchasing the Products, even though he would like to purchase them. Furthermore, while Plaintiff currently believes the Godiva Chocolates are not made in Belgium, he lacks personal knowledge as to Godiva's specific business practices, leaving doubt in his mind as to the possibility that some chocolates made by Godiva could be made in Belgium.  This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Godiva from making the false and/or misleading representations alleged herein.  In addition, Class members will continue to purchase the Godiva Chocolates, reasonably but incorrectly believing that they are made in Belgium, absent an injunction.

15.     Defendant Godiva Chocolatier, Inc. (d/b/a Godiva) is a New Jersey corporation with its principle place of business in New York, New York.  Godiva directly and/or through its agents, formulates, manufactures, labels, markets, distributes, and sells the Products nationwide. Godiva has maintained substantial distribution and sales in this District.

16.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such DOE Defendants under fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as a DOE

is in some manner highly responsible for the occurrences alleged herein, and that Plaintiff and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE Defendants when ascertained.

## FACTUAL ALLEGATIONS

### A.    Belgian Chocolates Are Well-Known For Their Quality

17.    Belgium is widely understood and recognized as producing among the highest quality chocolates in the world.[1]  Indeed, Belgium is known for its rich history as a chocolate producing nation.  In the early 20th century, Belgian chocolatier Jean Neuhaus Jr. invented the praline – the first "filled" chocolate product.[2]  The praline was a revolutionary invention for the chocolate industry and gave Belgian chocolatiers recognition for producing among the finest chocolates in the world.

18.    To protect the Belgian chocolate image, the Belgian Royal Association of the Chocolate, Praline, Biscuits and Sugar Confectionary Industry ("CHOPRABISCO") has developed the "Belgian Chocolate Code" that provides guidelines for labeling chocolate as coming from Belgium.[3]  Among other reasons, the Belgian Chocolate Code is based on the fact "that the reputation of high quality associated with 'Belgian Chocolate' frequently induces competitors to mislead consumers by using texts or illustrations referring to Belgium[.]"[4]

---

[1] The Brussels Times, *What makes Belgium's chocolate so popular?*, May 2, 2017, *available at* http://www.brusselstimes.com/component/k2/8132/what-makes-belgium-s-chocolate-so-popular (last visited on January 31, 2019).

[2] https://www.neuhauschocolate.com/en/heritage.htm (last visited on January 31, 2019).

[3] CHOPRABISCO, *Belgian Chocolate Code*, available at http://www.choprabisco.be/engels/documents/BelgianChocolateCodeEN030507DEF.pdf (last visited on January 31, 2019).

[4] *Id.* at 1.

19.     While this case is not predicated on Godiva's violations of the Belgian Chocolate Code, it demonstrates the significance of the Belgium origin to the chocolate industry and to consumers generally.

**B.      Godiva's "Belgium 1926" Representation**

20.     During the relevant statute of limitations period, Godiva directly and/or through its agents, has formulated, manufactured, labeled, marketed, distributed and sold the Godiva Chocolates across New York and the rest of the United States.  The Godiva Chocolates are sold in Godiva brick and mortar stores and through third-party retailers, including, but not limited to, Target, Amazon.com, Walgreens, CVS, and Walmart.

21.     Rather than be transparent in its packaging and advertising about the difference between its Belgian-made chocolates (sold outside the U.S.) and American-made chocolates (sold in the U.S.), Godiva has intentionally propagated the misconception that all of the Godiva Chocolates are made in Belgium.  Godiva continues this deception to this day.

22.     In 2009, Godiva began utilizing the signature phrase "Belgium 1926" on the product packaging of all Godiva Chocolates.

23.     Since then, Godiva has ubiquitously and prominently used the Belgium Representation on the front packaging of the Godiva Chocolates:







CLASS ACTION COMPLAINT

24.     Godiva has also implemented a multimillion-dollar marketing campaign that reinforces the notion that the Godiva Chocolates are made in Belgium. Many of these advertisements similarly have the Belgium Representation and other references to Belgium as a focal point (red border added for demonstrative purposes only):

Figure 1: Online Advertising



Figure 2: Storefront Advertising



Figure 3: In-Store Advertising



CLASS ACTION COMPLAINT

Figure 4: Social Media Advertising



CLASS ACTION COMPLAINT



25.     With its minimalist style, Godiva's marketing campaign revolves around its purported Belgian origin, thereby magnifying the Belgium Representation to consumers and reinforcing the misconception that the Godiva Chocolates are from Belgium.

**C.**     <u>The Godiva Chocolates Are Not Made In Belgium</u>

26.     None of the Godiva Chocolates are made in Belgium. Instead, all of the Godiva Chocolates during the relevant statute of limitations period have been made in Reading, Pennsylvania.

27.     In addition to the perception that Belgian chocolates are premium chocolates, in Godiva's case, the difference between Belgian and non-Belgian chocolate represents a tangible difference in quality. For example, in a Washington Post article, Melanie Draps, the granddaughter of the founder of Godiva, states: "I've tried the American Godivas and they do taste different."[5] This taste difference is due in part, according to Ms. Draps, to the use of different butters, creams, and alcohol in the chocolates made in Belgium versus the chocolates sold in the United States.[6]

28.     While the mere perception that the Godiva chocolates are from Belgium – and the emotional response that this belief elicits – is the primary driver of this case, it cannot be ignored that the actual ingredients used to make Godiva Chocolates also matter. In short, there is both a tangible and intangible difference between a true Belgian Godiva chocolate and a Godiva Chocolate made in Reading, Pennsylvania.

**D.**     <u>The False and Deceptive Belgium Representation Harms Consumers</u>

29.     Plaintiff and other consumers purchased the Godiva Chocolates, relying on Godiva's Belgium Representation, reasonably believing that the Godiva Chocolates are made in Belgium.

---

[5] Washington Post, *Godiva: Better in Belgium?*, Sept. 14, 1994, available at https://www. washingtonpost.com/archive/lifestyle/food/1994/09/14/godiva-better-in-belgium/7e011581-5fbb-43bf-bc7e-6db959bf5178/?utm_term=.64776ceecb33 (last visited January 31, 2019)

[6] *Id.*

30.     Plaintiff's and other consumers' reasonable belief that the Godiva Chocolates they purchased were made in Belgium was a significant factor in each of their decisions to purchase the Godiva Chocolates.

31.     Plaintiff and Class members did not know, and had no reason to know, that the Godiva Chocolates were not made in Belgium because of how the Godiva Chocolates are deceptively labeled and advertised to create the impression that they are made in Belgium. Nothing on the front packaging of the Godiva Chocolates indicates the true manufacturing origin of the chocolates to consumers.

32.     As the entity responsible for the development, manufacturing, advertising, and sale of the Godiva Chocolates, Godiva knew that each of the Godiva Chocolates bears the Belgium Representation but is not made in Belgium.

33.     Godiva knew or should have known that Plaintiff and other consumers, in purchasing the Godiva Chocolates, would rely on Godiva's Belgium Representation and would therefore reasonably believe that the Godiva Chocolates were made in Belgium.

34.     Consumers are willing to pay more for chocolates made from Belgium.  They are also induced to make purchases that they otherwise would not have but for the belief that the chocolate is from Belgium. Indeed, consumers, like Plaintiff, place inherent value on this perception, in addition to any value placed on the chocolate due to taste.

35.     Because the Godiva Chocolates are not made in Belgium, Defendant's branding of the Godiva Chocolates was and continues to be misleading and deceptive.

36.     Plaintiff and other consumers have paid a premium for the Godiva Chocolates. Plaintiff and other consumers would have paid significantly less for the Godiva Chocolates had they known that the Godiva Chocolates were not made in Belgium. In the alternative, Plaintiff

and other consumers would not have purchased the Godiva Chocolates at all had they known that the Godiva Chocolates were not made in Belgium.  Therefore, Plaintiff and other consumers purchasing the Godiva Chocolates suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

37.    Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Godiva Chocolates have the same core "Belgium 1926" misleading statement prominently printed on their labeling.  All of the Godiva Chocolates create the similar impression that they are made in Belgium.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Nationwide Class, and a New York Subclass.

### Nationwide Class

All persons in the United States who, within the relevant statute of limitations period, purchased any of the Godiva Chocolates.

### New York Subclass

All persons who, within the relevant statute of limitations period, purchased any of the Godiva Chocolates for personal, family, or household purposes in the state of New York.

39.    Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

40.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

41.     Plaintiff is a member of both Classes.

42.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical.  Godiva Chocolates are sold across New York and the United States at Godiva-owned boutique stores, online, and through high-end third-party retailers.  The number of individuals who purchased the Godiva Chocolates within the United States and the state of New York during relevant time period is at least in the thousands.  Accordingly, members of the Classes ("Class members") are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

43.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

> a.   Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Godiva Chocolates;
>
> b.   Whether Defendant's use of false or deceptive packaging and advertising constituted false or deceptive advertising;
>
> c.   Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

    d.   Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

    e.   Whether Plaintiff and the Classes are entitled to damages and/or restitution, and in what amount;

    f.   Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

    g.   Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

44.    Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Godiva Chocolates.  Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct.  Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

45.    <u>Superiority</u>: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis.  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

46.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

47.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation.  The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

48.     This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23 because Defendant acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

### FIRST CLAIM FOR RELIEF
### Violation of N.Y. Gen. Bus. Law § 349
#### *(for the New York Subclass)*

49.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

50.     Plaintiff brings this claim on behalf of himself and on behalf of the members of the New York Subclass.

51.     New York General Business Law ("GBL") § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce . . . ." GBL § 349(a).

52.     The practices alleged herein – namely, advertising Godiva Chocolates as being from Belgium when they are not – are unfair, deceptive, and misleading, in violation of GBL § 349.

53.     Defendant's conduct is also unfair, deceptive, and misleading because Defendant

fails to disclose that the Products are made in the U.S., in order to induce consumers' purchases of the Products.

54.     The foregoing deceptive acts and practices were directed at Plaintiff and members of the New York Subclass.

55.     Defendant's misrepresentation regarding the Godiva Chocolates is material to a reasonable consumer because it relates to the contents and characteristics of the Godiva Chocolates purchased by the consumer.  A reasonable consumer attaches importance to such representation and is induced to act thereon in making purchase decisions.

56.     Plaintiff and members of the New York Subclass have been injured as a direct and proximate result of Defendant's violations described above as they would not have purchased the Godiva Chocolates, or would have paid significantly less for the Godiva Chocolates, had they known that the Godiva Chocolates they purchased are actually made in Reading, Pennsylvania.

57.     As a result of Defendant's unlawful action, Plaintiff and members of the New York Subclass seek to enjoin Defendant's deceptive and unlawful acts and practices described herein to recover actual damages, fifty dollars (or both), whichever is greater, as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

## SECOND CLAIM FOR RELIEF
### Violation of N.Y. Gen. Bus. Law § 350
#### *(for the New York Subclass)*

58.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

59.     Plaintiff brings this claim on behalf of himself and on behalf of the members of the New York Subclass.

60.     GBL § 350 provides in relevant part: "False advertising in the conduct of any business, trade or commerce . . . in this state is hereby declared unlawful."

61.     In turn, GBL § 350-a defines false advertising as:

"advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity . . . to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual."

62.     Defendant's actions are untrue and misleading in representing the Godiva Chocolates are from Belgium when they are not.

63.     Defendant's conduct is also misleading because Defendant fails to disclose that the Godiva Chocolates are made in the U.S., in order to induce consumers' purchases of the Godiva Chocolates.

64.     The foregoing misleading acts and practices were directed at Plaintiff and members of the New York Subclass.

65.     Defendant's misrepresentation regarding the Godiva Chocolates is material to a reasonable consumer because it relates to the contents and characteristics of the Godiva Chocolates purchased by the consumer.  A reasonable consumer attaches importance to such representation and is induced to act thereon in making purchase decisions.

66.     The foregoing misrepresentation has resulted in consumer injury or harm to the New York public.

67.     Plaintiff and members of the New York Subclass have been injured as a direct and proximate result of Defendant's violations described above as they would not have purchased the Godiva Chocolates, or would have paid significantly less for the Godiva Chocolates, had they known that the Godiva Chocolates they purchased are actually made in Reading, Pennsylvania.

68.     As a result of Defendant's unlawful action, Plaintiff and members of the New

York Subclass seek to enjoin Defendant's misleading and unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater (or both), as well as treble damages, reasonable attorneys' fees, and all other remedies this Court deems proper.

**THIRD CLAIM FOR RELIEF**
**Breach of New York Express Warranty**
**N.Y. U.C.C. § 2-313**
***(for the New York Subclass)***

69.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

70.     Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass who purchased a Product directly at a brick and mortar Godiva store or on www.godiva.com.

71.     New York U.C.C. § 2-313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise[,]" and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." N.Y. U.C.C. § 2-313.

72.     Defendant has expressly warranted on the packaging of the Godiva Chocolates that the chocolates are from Belgium. These representations about the Godiva Chocolates: (1) are affirmations of fact or promises made by Defendant to consumers that the Godiva Chocolates are in fact made in Belgium; (2) became part of the basis of the bargain to purchase the Godiva Chocolates when Plaintiff Hesse relied on the representation; and (3) created an express warranty that the Godiva Chocolates would conform to these affirmations of fact or promises. In the

alternative, the representations about the Godiva Chocolates are descriptions of goods which were made as part of the basis of the bargain to purchase the Godiva Chocolates and which created an express warranty that the Godiva Chocolates would conform to the product descriptions.

73.     Plaintiff and members of the New York Subclass reasonably and justifiably relied on the foregoing express warranties believing that the Godiva Chocolates did in fact conform to these warranties.

74.     Defendant has breached the express warranties made to Plaintiff and members of New York Subclass by failing to manufacture the Godiva Chocolates in Belgium.

75.     Plaintiff and members of the New York Subclass paid a premium price for the Godiva Chocolates but did not obtain the full value of the chocolates as represented.  If Plaintiff and members of the New York Subclass had known of the true nature of the Godiva Chocolates, they would not have purchased the chocolate or would not have been willing to pay the premium price associated with the chocolate.

76.     As a result, Plaintiff and members of the New York Subclass suffered injury and deserve to recover all damages afforded under the law.

77.     Within a reasonable amount of time after Plaintiff discovered that Defendant did in fact breach the express warranty, Plaintiff notified Defendant of the breach.

**FOURTH CLAIM FOR RELIEF**
**Breach of New York Implied Warranty**
**N.Y. U.C.C. § 2-314**
***(for the New York Subclass)***

78.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

79.     Plaintiff brings this claim individually and on behalf of the members of the

proposed New York Subclass who purchased a Product directly at a brick and mortar Godiva store or on www.godiva.com.

80.     New York U.C.C. § 2-314 provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  New York U.C.C. § 2-314(1).

81.     New York U.C.C. § 2-314(2) provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any."  New York U.C.C. § 2-314(2)(f).

82.     Defendant is a merchant with respect to the sale of chocolates, including the Godiva Chocolates here.  Therefore, a warranty of merchantability is implied in every contract for sale of the Godiva Chocolates to New York consumers.

83.     By advertising the Godiva Chocolates with their current packaging, Defendant made an implied promise that the Godiva Chocolates were made in Belgium.  By not making the Godiva Chocolates in Belgium, Defendant has not "conform[ed] to the promises . . . made on the container or label[.]" *Id.*  Plaintiff and New York consumers did not receive the goods as impliedly warranted by Defendant to be merchantable.

84.     Therefore, the Godiva Chocolates are not merchantable under New York law and Defendant has breached its implied warranty of merchantability in regard to the Godiva Chocolates.

85.     If Plaintiff and members of the New York Subclass had known that the Godiva Chocolates were not made in Belgium, they would not have purchased them or would not have been willing to pay the premium price associated with the chocolates.  Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the New York Subclass

have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the Classes)***

86.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

87.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

88.    Defendant has willfully, falsely, or knowingly packaged and marketed the Godiva Chocolates in a manner indicating that the Godiva Chocolates are luxury chocolates from Belgium. However, the Godiva Chocolates are not made in Belgium.  Therefore, Defendant has made misrepresentations as to the Godiva Chocolates.

89.    Defendant also failed to disclose that the Products are made in the U.S., in order to induce consumers' purchases of the Products.

90.    Defendant's misrepresentations and omissions are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the chocolates and where they were made.

91.    Defendant knew or recklessly disregarded the fact that the Godiva Chocolates are not made in Belgium.

92.    Defendant intends that Plaintiff and other consumers rely on these representations and omissions, as evidenced by Defendant's intentionally using labeling that either directly states or clearly implies that the chocolates are from Belgium.

93.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations and omissions when purchasing the Godiva Chocolates and, had

the correct facts been known, would not have purchased the Godiva Chocolates or would not have purchased them at the prices at which they were offered.

94.     Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Godiva Chocolates, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(for the Classes)***

95.     Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

96.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

97.     Defendant marketed the Godiva Chocolates in a manner indicating that the Godiva Chocolates are from Belgium.  However, the Godiva Chocolates are not made in Belgium.  Therefore, Defendant has made misrepresentations as to the Godiva Chocolates.

98.     Defendant's misrepresentations regarding the Godiva Chocolates are material to a reasonable consumer because they relate to the characteristics of the chocolate.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

99.     At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or have acted recklessly in making the representations, without regard to the truth.

100.     Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant's intentionally using packaging that either directly

states or clearly implies that the chocolates are from Belgium.

101.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Godiva Chocolates and, had the correct facts been known, would not have purchased the Godiva Chocolates or would not have purchased them at the prices at which they were offered.

102.    Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Godiva Chocolates, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
<u>**Negligent Misrepresentation**</u>
(***for the Classes***)

103.    Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

104.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

105.    Defendant marketed the Godiva Chocolates in a manner indicating that the Godiva Chocolates were from Belgium.  However, the Godiva Chocolates are not made in Belgium.  Therefore, Defendant has made misrepresentations as to the Godiva Chocolates.

106.    Defendant's misrepresentations regarding the Godiva Chocolates are material to a reasonable consumer because they relate to the characteristics of the chocolate.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

107.    At all relevant times when such misrepresentations were made, Defendant knew

or had been negligent in not knowing that that the Godiva Chocolates were not imported from Belgium. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

108. Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant's intentionally using packaging that that either directly states or clearly implies that the chocolates are from Belgium.

109. Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Godiva Chocolates and, had the correct facts been known, would not have purchased the Godiva Chocolates or would not have purchased them at the prices at which they were offered.

110. Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Godiva Chocolates, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
#### (*for the Classes*)

111. Plaintiff repeats the allegations contained in paragraphs 1-48 above as if fully set forth herein.

112. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

113. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Godiva Chocolates. Plaintiff and members of the Classes have reasonably relied on the misleading

representations and have not received all of the benefits promised by Defendant.  Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Godiva Chocolates and paid for them when they would and/or should not have or paid more money to Defendant for the chocolates than they otherwise would and/or should have paid.

114.    Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the Classes.

115.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

116.    Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

117.    As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully prays for following relief:

A.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

D.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, compensatory, and treble damages caused by Defendant's conduct;

F.     An award of punitive damages;

G.     An award to Plaintiff and his counsel of his reasonable expenses and attorneys' fees;

H.     An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I.     For such further relief that the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED:  January 31, 2019

**FARUQI & FARUQI, LLP**

By: /s/ Innessa M. Huot
Innessa M. Huot

-29-

685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
E-mail: ihuot@faruqilaw.com

CLASS ACTION COMPLAINT