USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/26/20___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------  X

STEVE HESSE and ADAM BUXBAUM, *on*    :
*behalf of themselves and all others similarly*    :
*situated*,    :
   :
        Plaintiffs,    :
   :
v.    :    No.: 1:19-cv-00972-AJN
   :
GODIVA CHOCOLATIER, INC. and DOES    :
1 through 50,    :
   :
        Defendants.    :
   :
   :
   :
   :
   X

-----------------------------------------------------

## STIPULATION AND ~~[PROPOSED]~~ ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and Rule 4 of the Court's Individual Practices, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs Steve Hesse and Adam Buxbaum ("Plaintiffs") and Defendant Godiva Chocolatier, Inc. ("Defendant") (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, state as follows:

1.      The provisions of this Stipulation and Order Governing Confidentiality of Discovery Material ("Confidentiality Order") shall govern the production and handling of all information, material, and documents (in electronic form or otherwise) disclosed during the course of this action (the "Action") by Plaintiffs and Defendant or by any non-party acting voluntarily or in response to Court-authorized discovery, including taking depositions,

responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying (the "Discovery Material").

    2.    As used herein:

        a.    "Producing Party" shall mean any Party or any non-party producing Discovery Material.

        b.    "Receiving Party" shall mean any Party or any non-party receiving Discovery Material.

    3.    <u>Designation of Information as Confidential</u>.  Any Party or non-party may designate as "Confidential" any Discovery Material that the Producing Party (or its counsel) reasonably and in good faith believes to be confidential, including, but not limited to, the following documents and tangible things produced or otherwise exchanged:  personal information; financial, commercial, proprietary, or other business information that is non-public and sensitive in nature; or sensitive and/or confidential consumer information.

    4.    <u>Designation of Information as Confidential—Attorneys' Eyes Only</u>.  A Party may designate as "Confidential—Attorneys' Eyes Only" any material that the Producing Party (or its counsel) reasonably and in good faith believes to be subject to confidentiality protection under the Federal Rules of Civil Procedure and/or applicable state or federal law, including but not limited to sensitive or financial business information, trade secrets, or other highly confidential information that warrants extraordinary protections.

    5.    The protections conferred by this Confidentiality Order cover not only "Confidential" and "Confidential—Attorneys' Eyes Only" material (together, the "Confidential Material"), but also (a) any information copied or extracted from the Confidential Material; (b) all copies, excerpts, summaries, or compilations of the Confidential Material; and (c) any

testimony, conversations, or presentations by the Parties or their counsel that might reveal Confidential Material.  Notwithstanding the foregoing, the protections conferred by this Confidentiality Order do not cover information that is already in the public domain or becomes part of the public domain through trial or otherwise.

6.    <u>Manner of Designation</u>.    The designation of Discovery Material as "Confidential" or "Confidential—Attorneys' Eyes Only" for the purposes of this Confidentiality Order shall be made in the following manner:

a.    in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) send within a reasonable period of time a written notice to counsel for all parties to this litigation identifying the portions of the testimony to which the designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend reflecting the appropriate designation to the first page and all designated portions of the transcript, including all copies thereof;

b.    in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests information pertaining to the Confidential Material; (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses; and (iii) affix the legend reflecting the appropriate designation to each page of that addendum;

c.   in the case of Confidential Materials produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend reflecting the appropriate designation to such electronic storage medium and each page or unit of material; or

d.   in the case of Confidential Materials produced in hard copy, the Producing Party shall affix the legend reflecting the appropriate designation to each page so designated.

7.   Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose.

8.   Disclosure of Discovery Materials Designated "Confidential".  Discovery Material designated "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

a.   the Court and Court personnel, as appropriate;

b.   witnesses, deponents or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

c.   each Party and its employees, officers, directors, representatives, members, and affiliates; provided that, such persons are assisting the Party with, or otherwise involved in, this litigation;

d.   each person identified in the Confidential Material as an author or recipient (including by copy) thereof in whole or in part, or person

4

to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

e.   Court reporters or videographers, professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

f.   counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

g.   any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

h.   experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

i.   any other person only upon order of the Court or with the written consent of the Producing Party.

9.   Every person given access to Discovery Material designated "Confidential," information derived therefrom, or any other documents or materials reflecting or disclosing such material, shall be advised that it is being disclosed pursuant and subject to the terms of this Confidentiality Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons listed in Paragraph 8 subsections (b), (e), (g)-(i) to whom a Party provides access to Discovery Material designated 'Confidential," information derived therefrom or any other documents or materials reflecting or disclosing any such material, shall execute a copy

of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Confidentiality Order.

10.   <u>Disclosure of Discovery Material Designated "Confidential—Attorneys' Eyes Only"</u>.   With respect to Discovery Material designated "Confidential—Attorneys' Eyes Only," the documents and materials, and the information contained therein, shall be kept confidential and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than a person or entity enumerated in Paragraph 8 subsections (a), (d), (e), (g), (h), and only outside counsel and their legal assistants or staff in (f) above, except with the express written consent of the Producing Party.   Accordingly, whenever any documents, information, or other materials designated as "Confidential—Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "Confidential—Attorneys' Eyes Only."

11.   <u>Filing of Confidential Materials</u>.   Confidential Materials shall, if filed with or presented to the Court, be filed under seal in accordance with the Court's Individual Rules and the Local Rules of the Southern District of New York, unless otherwise ordered by the Court.   In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as "Confidential" or "Confidential—Attorneys' Eyes Only" through such use.

12.   <u>Sealing Procedures</u>.   Except as otherwise permitted under the Court's Individual Practices in Civil Cases, Paragraph 4, no document may be filed with the Court under seal or with redactions without an Order of this Court addressing the specific documents or portions of documents to be sealed or redacted.   Any application to seal or redact shall comply

with the Court's Individual Practices in Civil Cases, Paragraph 4.   Unless otherwise ordered, a party seeking to file an opposing party's Confidential Materials shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object.   Within seven (7) days thereafter, the party whose Confidential Materials are sought to be used may make an application to seal or redact in accordance with Paragraph 4 of the Court's Individual Practices in Civil Cases, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify the applicability of Paragraph 4 of the Court's Individual Practices in Civil Cases, or the Fed. R. Civ. P., to this case.  The redactions expressly authorized by Paragraph 4 may be made without further application to the Court.

13.    <u>Challenging a Confidentiality Designation</u>.  Any Party may challenge, at any time, the designation of Discovery Material as "Confidential" or "Confidential—Attorneys' Eyes Only" by providing written notice to the Party or non-party that designated the Discovery Material as "Confidential" or "Confidential—Attorneys' Eyes Only" that the notifying Party does not concur with the designation.  If the Party or non-party that made the designation does not agree to declassify such document or material within 14 days, any Party may move the Court for an order changing the classification of, or declassifying, that Confidential Material.  During the pendency of such motion, such Confidential Material shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only."  The Producing Party has the burden to show good cause that the documents or materials require continuing protection.

14.    Any person receiving Confidential Material shall exercise reasonable care to prevent any disclosure of such Confidential Material other than pursuant to the provisions of this Confidentiality Order.   The Producing Party's rights and remedies with respect to any

disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

15.   <u>Unauthorized Disclosure</u>.   Confidential Material which is disclosed in contravention of the provisions of this Confidentiality Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof.   Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Confidentiality Order, the party that made the disclosure promptly shall:  (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Confidentiality Order and request that the Improper Recipient return the Confidential Material; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts.   The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

16.   <u>Subpoena or Other Legal Process for Confidential Materials</u>.   If any party (the "Recipient") having received Confidential Material:  (a) is subpoenaed in another action or proceeding, (b) is served with a discovery demand in another action, or (c) is served with any other legal process by a non-party to this litigation seeking Confidential Material, the Recipient shall, unless prohibited by law, provide actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Producing Party's counsel, who may seek a protective order precluding disclosure.   Upon

8

receiving written notice, the Producing Party will have a reasonable opportunity to object to the disclosure, where possible, at least 10 days' notice before production or other disclosure of the Confidential Material.  In no event shall production or disclosure be made before notice is given. If the party claiming confidentiality makes a motion to quash or modify the subpoena or order, then the Recipient shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion.  If no such motion is made, despite notice and a reasonable opportunity to do so, the Recipient is entitled to comply with the subpoena or order.

17.     Producing Party's Treatment of Confidential Material.  This Confidentiality Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" that was obtained lawfully by such Party independently of the discovery proceedings in this litigation.  The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

18.     No Waiver.  Nothing herein shall require the production of documents, things or other information that any Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

19.     Notice of Inadvertent Disclosure.  Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter.  If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the receiving party (the "Party

Receiving Privileged Material"), upon written or oral request, shall promptly return it, including all copies, and promptly destroy any notes concerning it. The Party Receiving Privileged Material may not refuse to return the material. Upon receipt of the returned materials, the Producing Party promptly shall provide a written good faith explanation of the basis for the privilege claim or claim of immunity. If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the parties cannot resolve the dispute within a reasonable time, the Party Receiving Privileged Material may move the Court for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

20.    Reservation of Rights. This Confidentiality Order is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Confidentiality Order or any provisions thereof by properly noticed motion to the Court or to challenge any designations of confidentiality as inappropriate under applicable law.

21.    Continuing Effect of Order. This Confidentiality Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Recipient may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Confidentiality Order. The provisions of this Confidentiality Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

22.     <u>Return of Information</u>.  Within 30 days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, counsel of record for the Parties shall secure the return of all Discovery Material designated "Confidential" or "Confidential—Attorneys' Eyes Only" and all copies thereof and notes, abstracts or summaries therefrom, including written confirmation to the Producing Party that the Confidential Materials were deleted from any litigation support or other database, from all persons to whom such materials were disclosed under the terms of this Confidentiality Order, and shall return them to counsel for the Producing Party, except that counsel may retain their work-product, copies of Court filings and official transcripts and exhibits, provided that the Confidential Material contained therein will continue to be treated as provided herein.  Alternatively, a Receiving Party may certify to the Producing Party that all such information has been destroyed.

23.     <u>Amendments</u>.  This Confidentiality Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.  A party seeking to modify, extend or terminate shall notify opposing counsel and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same.  The parties may modify, extend or terminate this Confidentiality Agreement without leave of Court.  However, if a party's request is not agreed to during the conference, or within any such extended period as agreed to by the parties, the party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute.

24.     <u>Additional Protections</u>.  Any party seeking different or additional protection other than as provided herein shall without delay produce all responsive documents

subject to this Confidentiality Agreement and thereafter promptly file a motion seeking such additional protection, if the parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 17, above.  Until such motion is resolved by the Court, the documents produced pursuant to this paragraph shall be made available only to the Recipient(s) or attorneys, unless the Court permits otherwise.

    25. <u>Counterparts</u>.  This Confidentiality Order may be executed in counterparts which together shall constitute one document.  Any Defendant added by name to this case after the "so ordering" of this Confidentiality Order shall be bound by it without having to execute it.

Dated:  June 11, 2020

           Respectfully submitted,

           **FARUQI & FARUQI, LLP**

           By:   <u>*/s/ Timothy J. Peter*  </u>
           Timothy J. Peter
           1617 John F. Kennedy Boulevard, Suite 1550
           Philadelphia, PA 19103
           Tel: (215) 277-5770
           Fax: (215) 277-5771
           Email:  tpeter@faruqilaw.com

           Innessa M. Huot
           685 Third Avenue, 26th Floor
           New York, NY 10017
           Tel: 212-983-9330
           Fax: 212-983-9331
           E-mail: ihuot@faruqilaw.com

           **THE WAND LAW FIRM, P.C.**
           Aubry Wand
           400 Corporate Pointe, Suite 300
           Culver City, California 90230
           Tel: 310-590-4503
           Fax: 310-590-4596
           E-mail: awand@wandlawfirm.com

*Attorneys for Plaintiffs Steve Hesse, Adam*
*Buxbaum and the putative Classes*

**KASOWITZ BENSON TORRES LLP**

By:    */s/ Seth A. Moskowitz*
Seth A. Moskowitz
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Email: smoskowitz@kasowitz.com

*Attorneys for Defendant Godiva Chocolatier, Inc.*

Date:    June 26, 2020

SO ORDERED

_____
Hon. Alison J. Nathan
United States District Judge

### Exhibit A to Confidentiality Order

I, _____, state the following:

1.      I have read and understand the attached Confidentiality Order and I attest to my understanding that access to information designated as "Confidential" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Confidentiality Order.  I agree to be bound by the terms of the Confidentiality Order, both with respect to the United State District Court for the Southern District of New York's powers of supervision of the litigation of the case captioned, *Hesse v. Godiva Chocolatier, Inc.*, No. 19cv0972, and to the party that produced the protected documents and information.

2.      I shall not use or disclose to others, except in accordance with the Confidentiality Order, any "Confidential" documents or information.  If I fail to abide by the terms of this Confidentiality Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party.  I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Confidentiality Order.


Signature: _____          Dated: _____

**<u>ATTESTATION</u>**

I, Timothy J. Peter, am the ECF User whose ID and password are being used to file this

STIPULATION AND [PROPOSED] ORDER GOVERNING CONFIDENTIALITY OF

DISCOVERY MATERIAL. In accordance with S.D.N.Y. Electronic Case Filing Rule 8.5,

concurrence in the filing of this document has been obtained from Seth A. Moskovitz, counsel

for Defendant, and I shall maintain records to support this concurrence for subsequent production

for this Court if so ordered or for inspection upon request by a party.

Dated: June 11, 2020

By: *<u>/s/ Timothy J. Peter</u>*
Timothy J. Peter