USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/26/2021

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC.,<br><br>Defendant. | No. 1:19-cv-0972-AJN<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Steve Hesse and Adam Buxbaum ("Plaintiffs") and Defendant Godiva Chocolatier, Inc. ("Defendant" or "Godiva") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Godiva upon the terms and conditions set forth therein (the "Settlement Agreement").

The Court has before it Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Motion"). After reviewing the Motion, the Memorandum of Law in Support, the Settlement Agreement and exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Preliminary Approval Hearing held on __N/A__, and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2. The Parties have moved the Court for an order preliminarily approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in Paragraph 33 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

## **THE SETTLEMENT IS PRELIMINARILY APPROVED**

4. This Court now gives preliminary approval to the Settlement Agreement, and finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class defined below. The monetary consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering, *inter alia*, the total value of their claims compared to: (i) the disputed factual and legal circumstances of the Action; (ii) affirmative defenses asserted in the Action; and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties all support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. Further, as demonstrated below, this Court finds that the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(e) and the criteria articulated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

5. A settlement agreement may be approved if the Court finds that the agreement is fair, both procedurally and substantively, under Rule 23(e). *See Rosenfeld v. Lenich*, No. 18-CV-6720 (NGG) (PK), 2021 WL 508339, at *4 (E.D.N.Y. Feb. 11, 2021); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). In conducting this review, the Court is mindful of the "strong

judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Id.* at 117 (internal quotation marks omitted).

6. Alongside the fairness inquiry, when evaluating the terms of a proposed class settlement, this Court is guided by the factors enumerated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). These factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation[.]

*Id.* at 463 (citations omitted). The Rule 23(e) fairness inquiry requires this Court to consider whether the settlement is "fair, reasonable, and adequate" after considering additional factors[1] which "clarify[] and supplement[] the *Grinnell* factors[.]" *Rosenfeld*, 2021 WL 508339, at *3; *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 29 (E.D.N.Y. 2019) (new Rule 23(e) factors "add to, rather than displace, the *Grinnell* factors.").

7. The *Grinnell* and amended Rule 23(e) factors weigh in favor of granting preliminary approval. The Court will first discuss how the Settlement Agreement is procedurally

---

[1] Fed. R. Civ. P 23(e)(2) states in pertinent part that "[i]f the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other."

3

and substantively fair under Rule 23(e), and then will turn to the additional *Grinnell* factors which are not otherwise encompassed by the Rule 23(e) factors.

8. **Procedural Fairness - Rule 23(e)(2)(A-B)**: "Rule 23(e)(2)(A), which requires adequate representation, and Rule 23(e)(2)(B), which requires arm's-length negotiations, constitute the procedural analysis of the fairness inquiry." *Christine Asia Co., Ltd. v. Jack Yun Ma*, No. 1:15-md-02631 (CM) (SDA), 2019 WL 5257534, at *9 (S.D.N.Y. Oct. 16, 2019) (internal quotation marks omitted). The Court finds both elements met and thus, the Settlement procedurally fair. A proposed settlement is presumed fair, reasonable, and adequate if it culminates from "arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (internal quotation marks omitted). Additionally, "the quality of representation is best measured by results[.]" *Goldberger*, 209 F.3d at 55. Here, the Settlement was negotiated by counsel experienced in litigating these types of cases through the assistance of an experienced mediator over the course of two mediation sessions. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012) (involvement of experienced mediator "strong indicator of procedural fairness"). Class Counsel conducted substantial formal discovery before the mediations and before executing the Settlement Agreement. Class Counsel also consulted with experts in the fields of economics and statistics regarding damages, and the chocolate industry, before the mediation sessions. Moreover, the amount of Class relief in this Settlement given the nature of the claims at issue is enough to overcome any doubts regarding procedural fairness.

9. **Substantive Fairness - Rule 23(e)(2)(C-D) and *Grinnell* Factors:** The substantive fairness inquiry of Rule 23, covered under Rule 23(e)(2)(C-D), considers the following: (i): the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

method of distributing relief to the class, including the method of processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; (iv) whether the proposed settlement treats class members equitably relative to each other; and (v) any agreement required to be identified under Rule 23(e)(3).

10. **Rule 23(e)(2)(C)(i) / *Grinnell* Factors Nos. 1, 4, 5 and 6 - The Costs, Risks, and Delay of Trial and Appeal:** The Court finds that these factors, individually and weighed together, militate in favor of granting preliminary approval of the Settlement. Rule 23(e)(2)(C)(i), which considers the "costs, risks, and delay of trial and appeal, subsumes several *Grinnell* factors[, which are:] the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the class through trial." *Rosenfeld*, 2021 WL 508339, at *5–6 (internal quotation marks omitted). Class action lawsuits have a "reputation as being most complex." *Id*. at *5 (internal quotation marks omitted). Indeed, absent the instant Settlement, Plaintiffs would have had to "to survive summary judgment, prevail at trial, and secure an affirmance of their victory on appeal in order to recover damages. Moreover, they would also need to certify and maintain the class, over the [] Defendants' possible opposition." *Id*. at *5. Instead, the Parties were able to craft a settlement providing substantial monetary benefits to the Settlement Class while avoiding the expense and delay of continued litigation. Courts have consistently held that, unless the proposed settlement is clearly inadequate, its acceptance and approval are preferable to the continuation of lengthy and expensive litigation with uncertain results. *See Velez v. Novartis Pharm. Corp*., No. 04 Civ. 09194(CM), 2010 WL 4877852, at *14 (S.D.N.Y. Nov. 30, 2010) ("As federal courts in this Circuit have consistently recognized, litigation inherently involves risks, and the purpose of settlement is to avoid uncertainty."). This case is no exception.

11.     **Rule 23(e)(2)(C)(ii) - Effectiveness of Proposed Method of Distributing Relief:** Pursuant to Rule 23(e)(2)(C)(ii), the Court should "consider the effectiveness of the parties' proposed method of distributing relief to the class, including the method of processing class-member claims." *Rosenfeld*, 2021 WL 508339, at *6 (internal quotation marks omitted). "[A] plan of allocation need not be perfect," *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240(CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007), and instead "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005) (internal quotation marks omitted). The plan of allocation here is straightforward and the result of extensive negotiation between highly competent counsel, with the input of the experienced mediator Jill R. Sperber. The Settlement Agreement will compensate members of the Settlement Class with monetary benefits exceeding their compensatory damages at trial for multiple purchases of the Godiva Chocolate Products. Moreover, the Notice Plan is comprehensive and will ensure that Settlement Class Members will get adequate notice of the Settlement. Lastly, the claim form is easy to understand and fill out, and therefore does not "impos[e] an undue burden on class members." *Rosenfeld*, 2021 WL 508339, at *6. Therefore, the allocation plan is effective and is "rational and fair, as it treats class members equitably while taking into account variations in the magnitude of their injuries." *Id*.

12.     **Rule 23(e)(2)(C)(iii) - The Timing and Terms of Class Counsel's Proposed Award of Attorneys' Fees**: The next factor under Rule 23 is the "terms of any proposed award of attorneys' fees, including timing of payment[.]" Fed. R. Civ. P. 23(e)(2)(C)(iii). Under the terms of the Settlement, Class Counsel may submit a Fee Application for an award of attorneys' fees and costs in an amount not to exceed $5,000,000. Godiva shall pay any Fee Award ordered by the

Court via wire transfer to Class Counsel not later than ten (10) calendar days following the issuance of an Order granting the Fee Application. The Court finds these terms reasonable under 23(e)(2)(c)(iii) for purposes of preliminary approval, and will further address these terms and the appropriateness of Class Counsel's fee request at the time of final approval and after Plaintiffs' Fee Application is filed.

13. **Rule 23(e)(2)(C)(iv) - There Are No Agreements Required To Be Identified Under Rule 23(e)(3):** Next, the Court has considered whether there are any other agreements "required to be identified under Rule 23(e)(3)[.]" Fed. R. Civ. P. 23(e)(2)(C)(iv). Apart from the Settlement Agreement, there are no such agreements, so this factor supports granting preliminary approval.

14. **Rule 23(e)(2)(D) - Class Members Are Treated Equitably:** The final Rule 23 inquiry is whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). The Settlement Agreement applies to all Settlement Class Members equally as they are each entitled to receive the same payment based on the number of Godiva Chocolate Products they purchased and whether they have documented proof of purchase. *See In re Payment Card*, 330 F.R.D. at 47 (because "scope of the release applies uniformly to putative class members," it "does not appear to affect the apportionment of the relief to class members"); *see also Rosenfeld*, 2021 WL 508339, at *7 (class members treated equitably where "agreement appropriately and fairly accounts for the key point of differentiation among class members' claims."). For these reasons, the Settlement Class Members are treated equitably relative to each other by the Settlement Agreement. The remaining *Grinnell* factors, discussed below, are

independent from the Rule 23 inquiry.[2]

15. ***Grinnell* Factor No. 2 - Settlement Class Members' Reaction:** Under *Grinnell*, the Court should consider the Settlement Class Members' reaction to the Settlement. As the Settlement Class Members have not yet had an opportunity to react to the Settlement, it is premature to address this factor. *See Rosenfeld*, 2021 WL 508339, at *4 n.2.

16. ***Grinnell* Factor No. 3 - The Stage of the Proceedings and the Amount of Discovery Completed Warrants Preliminary Approval:** The next factor considers "whether the parties . . . counsel possessed a record sufficient to permit evaluation of the merits of Plaintiffs' claims, the strengths of the defenses asserted by Defendants, and the value of Plaintiffs' causes of action for purposes of settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA, 2020 WL 4196468, at *7 (S.D.N.Y. July 21, 2020) (internal quotation marks omitted). There is no requirement that litigants even commence formal discovery. Rather, "[c]ourts have approved settlements at all stages of the proceedings. The relevant inquiry for this factor is whether the plaintiffs have obtained a sufficient understanding of the case to gauge the strengths and weaknesses of their claims and the adequacy of the settlement." *In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006*); see also Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *5 (S.D.N.Y. Dec. 14, 2017) (granting preliminary approval when "action did not proceed to formal discovery," but plaintiffs reviewed publicly available information and consulted with experts). Here Class Counsel conducted substantial formal discovery before the mediations and before

---

[2] These include (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

executing the Settlement Agreement. Class Counsel also consulted with experts in the fields of economics and statistics regarding damages, and the chocolate industry, before the mediation sessions. Through these efforts, the Parties were able to reach the proposed Settlement which provides substantial monetary benefits to Settlement Class Members.

17. ***Grinnell* Factor No. 7 - Whether Defendant Can Withstand A Substantially Greater Judgement:** Under *Grinnell*, the Court should next consider a defendant's ability to withstand a greater judgment. However, not all of the *Grinnell* factors must be satisfied, and a defendant's ability to withstand a greater judgment, does not, standing alone, suggest that the settlement is unfair. *See Athale v. Sinotech Energy Ltd.*, No. 11 Civ. 05831 (AJN), 2013 WL 11310686, at *4, *6 (S.D.N.Y. Sept. 4, 2013). This factor is either neutral or supports the reasonableness of the Settlement because while Godiva could perhaps withstand a greater judgment, it, like many companies, faced economic hardship during the pandemic. Moreover, Godiva has closed or is in the process of closing all of its North American brick and mortar stores, further reflecting economic hardship and calling into question Godiva's ability to withstand a greater judgment.

18. ***Grinnell* Factor Nos. 8-9: Range of Reasonableness in Settlement Fund:** The final *Grinnell* factors require the Court to consider both "the range of reasonableness of the settlement fund in light of the best possible recovery" and "the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013); *see also In re Payment Card*, 330 F.R.D. at 47-48 (these factors "are often combined for the purposes of analysis.")  In analyzing these factors, the Court should also consider the risks of litigation, as outlined above, as "[t]he range of reasonableness for a settlement is 'a range which recognizes the uncertainties of law and fact in any particular case

9

and concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Rosenfeld*, 2021 WL 508339, at *8 (quoting *Wal-Mart Stores*, 396 F.3d at 119). Here, the benefits provided to Settlement Class Members are similar to or exceed those approved by other courts in similar geographic origin false advertising class actions. *See*, *e.g.*, *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2020 WL 1972505, at *9 (N.D. Cal. Feb. 5, 2020) (approving settlement providing a maximum of $20 per household with proof of purchase and up to $10 per household without proof of purchase); *Marty v. Anheuser-Busch Companies, LLC*, No. 1:13-cv-23656, ECF Nos. 149-1 at 5, 171 & 172 (S.D. Fla. Oct. 22, 2015) (approving settlement with monetary benefits ranging from $0.10 to $1.75 per unit); *Shalikar v. Asahi Beer USA, Inc.*, No. BC702360 (Cal. Super. Ct. L.A. Cty.)  (settlement included monetary benefits ranging between $0.50 to $2.00 per unit and up to $10 per household without proof of purchase). Moreover, the Settlement will compensate members of the Settlement Class with monetary benefits exceeding their compensatory damages at trial for multiple purchases of the Godiva Chocolate Products.

## PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS

19.     For purposes of settlement only: (a) Timothy J. Peter of Faruqi & Faruqi, LLP, and Aubry Wand of the Wand Law Firm, P.C., are appointed Class Counsel for the Settlement Class; and (b) Plaintiffs Steve Hesse and Adam Buxbaum are appointed Class Representatives for the Settlement Class. The Court finds that Class Counsel are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

20.     For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

>All Persons who purchased any Godiva Chocolate Product in the United States during the Class Period.  Excluded from the Settlement Class are: (a) Godiva and any of its parents', affiliates', or subsidiaries' employees, officers and directors, (b) distributors, retailers or re-sellers of Godiva Chocolate Products, (c) governmental entities, (d) the Court, the Court's immediate family, Court staff, (e) the mediator and her staff and immediate family, (f) counsel of record for the Parties, and their respective law firms, and (g) all Persons who timely and properly exclude themselves from the Settlement Class.

The Class Period is from January 31, 2015 through October 26, 2021.

Godiva Chocolate Product means any product manufactured and sold by Godiva, or sold under the Godiva brand, which contains chocolate.

21. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 33 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

22. If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed prior to the Settlement Agreement.

## NOTICE AND ADMINISTRATION

23. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement, including the Claim Form (Exhibits 1 and 2 to the Settlement Agreement), the Direct Notice (Exhibit 3 to the Settlement Agreement), the Summary Notice (Exhibit 6 to the Settlement Agreement), and the Long Form Notice (Exhibit 4 to the Settlement Agreement). The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice Plan complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice Plan constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of due process.

24. The Parties have jointly selected a reputable settlement administrator, Kroll Settlement Administration LLC ("Kroll") to serve as the Settlement Administrator. The Court hereby appoints and authorizes Kroll to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

25. The Parties, without further approval from the Court, are hereby permitted to revise the Claim Form and forms of Notice to the Settlement Class in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

**SUBMISSION OF CLAIMS AND REQUESTS FOR EXCLUSION FROM CLASS**

26. Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained in the Settlement Agreement and the forms of Class Notice. All Claim Forms must be postmarked or electronically submitted by February 23, 2022 ("Claims Deadline").

27. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude himself or herself or "opt out" from the Settlement Class. Any such person may do so if, on or before March 7, 2022 ("Objection/Exclusion Deadline"), they comply with the exclusion procedures set forth in the Settlement Agreement and the forms of Class Notice. Any members of the Class so excluded validly shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

28. Class Members who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the Settlement Agreement, and the Final Approval Order and Final Judgment (if issued), regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

**OBJECTIONS AND APPEARANCES**

29. Any Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to a Final Judgment being entered dismissing the Action with prejudice, to the attorneys' fees and costs sought by Class Counsel, or to the service awards sought for the Class Representatives in the amounts as set forth in the Settlement Agreement and the forms of Class Notice.

30. Any Class Member who wishes to object must do so by on or before the Objection/Exclusion Deadline. Settlement Class Members shall submit written Objections to the Court, either by: (1) mailing them to the Class Action Clerk, United States District Court for the Southern District of New York, Thurgood Marshal Courthouse, Courtroom 906, 40 Foley Square, New York, NY 10007; or (2) filing them in person at any location of the United States District Court for the Southern District of New York or via the ECF electronic filing system.

31. To validly object, the Objection must comply with the objection procedures set forth in the Settlement Agreement, and include the following: (1) a caption or title that identifies it as "Objection to Class Settlement in *Hesse, et al. v. Godiva Chocolatier, Inc.*, No. 1:19-cv-00972-AJN"; (2) the Settlement Class Member's name, address, telephone number, and if available, email address, and if represented by counsel, the foregoing information for his/her counsel; (3) whether the Settlement Class Member, or his or her counsel, intends to appear at the Final Approval Hearing; (4) whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (5) a clear and concise statement of the Settlement Class Member's Objection, including all bases and legal grounds for the Objection; (6) documents sufficient to establish the person's standing as a Settlement Class Member, i.e., Proof of Purchase or verification under penalty of perjury as to the person's purchase of Godiva Chocolate Products during the Class Period; (7) a list of any other objections submitted by the Settlement Class member, or his/her counsel, to any class actions in any state or federal court in the United States in the previous five (5) years (or affirmatively stating that no such prior objection has been made); and (8) and the Settlement Class Member's signature, in addition to the signature of his/her attorney, if any.

32. Class Members who fail to submit timely written Objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement and to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payments of Class Representative Service Awards to the two Class Representatives.

## FINAL APPROVAL HEARING

33. The Final Approval Hearing shall be held before this Court on March 28, 2022, at 10:00 a.m. in Courtroom 906 at the Thurgood Marshal Courthouse, located at 40 Foley Square, New York, NY 10007, to determine: (a) whether the proposed Settlement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a Final Judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payment of the Class Representative Service Awards to the Class Representatives.

34. Plaintiffs shall file any Motion for Final Approval, and Fee Application, by no later than (35) calendar days before the Final Approval Hearing.

## NOTICE IMPLEMENTATION SCHEDULE

35. The Parties, the Settlement Administrator, and the Settlement Class shall comply with the following Notice and Motion schedule:

15

| Event | Date/Deadline |
|---|---|
| Preliminary Approval Order | October 26, 2021 |
| Settlement Website and Toll-Free Telephone Support To Be Created | Within 14 days after Preliminary Approval Order |
| Godiva to Provide Settlement Administrator with list of all Persons with email | Within 10 days after Preliminary Approval Order |
| Direct Notice Emailed | 20 days after Preliminary Approval Order ("Notice Date") |
| Print Publication | No sooner than 30 days after Preliminary Approval Order |
| Internet Publication Notice | No sooner than 30 days after Preliminary Approval Order |
| Motion for Final Approval Due | 35 days before Final Approval Hearing |
| Fee Application Due | 35 days before Final Approval Hearing |
| Objection/Exclusion Deadline | 21 days before Final Approval Hearing |
| Parties' Response to Any Objection Due | 7 days before Final Approval Hearing |
| Final Approval Hearing | March 28, 2022 at 10:00 a.m. |
| Claims Deadline | 120 days after Notice Date |

## **RELATED ORDERS**

36. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

37. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

38. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each Party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

39. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then: (a) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (c) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (d) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

**IT IS SO ORDERED.**

DATED: October 26, 2021

_____
The Honorable Alison J. Nathan
United States District Judge