UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC.,<br><br>Defendant. | No. 1:19-cv-0972-AJN |

**PLAINTIFFS' RESPONSE TO SHIYANG HUANG'S MOTION FOR EXTENSION OF OBJECTION DEADLINE AND FAIRNESS HEARING**

On January 26, 2022, Shiyang Huang, a purported class member who presumably intends to file an Objection to the Settlement, filed a Motion for Extension of Objection Deadline and Fairness Hearing ("Motion"), asking the Court to continue both the deadline for Class Members to file Objections, and the Final Approval Hearing, until 14 days after Plaintiffs "produce the actual Class claims rates in this case." *See* ECF No. 74. The Court should deny the Motion because Mr. Huang, as a non-party, cannot seek to alter a Court order in this case. More importantly, a continuance of these dates is not in the best interest of the Class. Nor is the requested continuance necessary based on the reason articulated by Mr. Huang himself.

I.      **SUMMARY OF RELEVANT DATES AND DEADLINES**

The Court's Preliminary Approval Order, referenced by Mr. Huang, governs the relevant dates. These dates are summarized as follows:

- Deadline to file Motion for Final Approval and Fee Application: 2/21/2022
- Deadline to submit Claims: 2/23/2022
- Deadline for Objections: 3/7/2022
- Deadline to Respond to Objections: 3/21/2022
- Final Approval Hearing: 3/28/2022

*See* Preliminary Approval, ECF No. 72.

Notably, Plaintiffs' Motion for Final Approval and/or Fee Application, which will be filed on February 21, 2022, will contain the Claims numbers at the time of filing. Both of these motions will be filed in the public record and posted to the settlement website immediately thereafter. *See* Settlement Agreement, ECF No. 67-1, ¶ 66. Plaintiffs will also provide a supplemental filing with updated Claims numbers to the Court and the public in advance of the Final Approval Hearing as may be appropriate. Because the Objection deadline is on March 7, 2022, Mr. Huang—and all

other persons—will have a full 14 days before the deadline to file a written Objection to review the Claims numbers submitted by Plaintiffs.

## II. ARGUMENT

As an initial matter, absent leave of court or a rule expressly providing for the relief sought, a non-party cannot file a motion seeking to alter a court-set schedule. *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15cv675 (JBA), 2021 WL 1840276, at *1 (D. Conn. Mar. 9, 2021) ("The Federal Rules of Civil Procedure contemplate that only those designated as parties may file motions and pleadings.") (citing Fed. R. Civ. P. 7)). Even assuming class member status, Mr. Huang still is not a party to this action in this context. *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) (unnamed class member was not a party to the action and therefore could not bring a Rule 59 motion). Accordingly, the Motion should be denied.

More importantly, the extension is not in the best interest of the Class. The Court-directed notice process is already well under way. It consists of direct notice and publication notice, all of which informed the Class that their deadline to object is March 7, 2022 and the Final Approval Hearing is on March 28, 2022. Thus, changes to these dates, particularly at this late juncture, could only confuse the Class.

Relatedly, the requested extension is unnecessary. The current schedule allows Class Members sufficient time to consider information contained in the Motion for Final Approval and Fee Application, including the Claims numbers, before their deadline to object. This is illustrated by Mr. Huang in his own Motion. He asks for 14 days to consider the Claims rate. But as set forth above, that time is exactly what Mr. Huang currently has available to him, and consequently, the relief he seeks will provide no benefit to him or anyone else. This may be the result of a misunderstanding by Mr. Huang, as he incorrectly states: "the **current February 23, 2022 deadline**

3

*for objection* entirely 'handicap[s]' Huang's ability to evaluate Plaintiffs' future motions under Rule 23(e), 23(h).'" Mot. at 4. (emphasis added). But the actual Objection deadline is March 7, 2022.[1] Regardless, the Claims deadline is February 23, 2022, and while Plaintiffs will file their Motion Final Approval and Fee Application two days before that, there is no reason to believe that the number of Claims will change materially within that 48-hour period of time. And to the extent there is any material change, Plaintiffs will provide the Court, Mr. Huang, and the public (via ECF and the settlement website) with supplemental Claims numbers prior to the Final Approval Hearing. In short, Mr. Huang will have all the information he needs in support of an anticipated Objection or argument at Final Approval.

## III.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Mr. Huang's Motion.

DATED: January 28, 2022                                        Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: /s/ Innessa M. Huot
Innessa M. Huot
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
E-mail: ihuot@faruqilaw.com

Timothy J. Peter (admitted *pro hac vice*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
E-mail: tpeter@faruqilaw.com

---

[1] By contrast, Mr. Huang refers to the correct March 7, 2022 Objection deadline on page 2 of his Motion.

**THE WAND LAW FIRM, P.C.**
Aubry Wand (admitted *pro hac vice*)
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Tel: 310-590-4503
Fax: 310-590-4596
E-mail: awand@wandlawfirm.com

*Attorneys for Plaintiffs*