UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GODIVA CHOCOLATIER, INC., and DOES 1 through 50,<br><br>Defendants. | No. 1:19-cv-00972-AJN |

**DECLARATION OF AUBRY WAND IN SUPPORT OF PLAINTIFFS'
MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES AND
COSTS AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Aubry Wand, declare as follows:

1. I am an attorney at law, licensed to practice in the state of California. I am admitted *pro hac vice* in the above-captioned action.

2. My firm and Faruqi & Faruqi LLP serve as co-counsel of record for Plaintiffs. In granting preliminary approval of the Settlement in this matter, the Court appointed our firms Class Counsel.

3. I submit this declaration in support of Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees and Costs and Class Representative Service Awards.

4. I make this declaration on the basis of personal knowledge. If called as a witness, I could and would readily and competently testify to all matters stated within.

## QUALIFICATIONS

5. I received a B.A. from the University of Pennsylvania in 2007 in English and Political Science. I received a J.D. from UC Hastings College of the Law in 2011. I became a member of the State Bar of California in December 2011, and I have been an active member in good standing continuously since then.

6. In 2012, I completed a judicial clerkship for the Honorable Colette Y. Garibaldi, of the First Circuit Court, State of Hawaii.

7. I have been litigating cases, primarily on behalf of employees and consumers, and frequently in the class action context, continuously for the past ten years.

8. I founded WLF in the beginning of 2016. WLF is dedicated almost exclusively to litigating cases on behalf of consumers and employees. I am the firm's managing partner and am responsible for all litigation decisions.

9. I have been named a "Rising Star" from 2018 to 2022 for the *Southern California Super Lawyers* magazine.

10. On September 10, 2020, Judge Vasquez of the Sacramento County Superior Court, appointed my firm, along with another firm, liaison counsel for the plaintiffs in the Judicial Council Coordination Proceeding, *Western Dental Wage and Hour Cases*, JCCP No. 5079.

11. WLF has also served as lead counsel or co-counsel in numerous wage and hour class action and/or representative action cases in which millions of dollars have been recovered for thousands of employees. Set forth in the following chart are some of the wage and hour class and/or representative actions in which WLF has served as lead counsel in the settlement context:

| Case Name | Case Number |
|---|---|
| *Yee, et al. v. Wong & Lau, Inc., et al.* | Los Angeles Cty. Sup. Ct. Case No. BC600087 |
| *Aguilar v. Hook Burger, LLC* | Los Angeles Cty. Sup. Ct. Case No. BC608694 |
| *Morales v. OPARC* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1622051 |
| *Hopper-Porter, et al. v. Desert Regional Medical Center, Inc.* | Riverside Cty. Sup. Ct. Case No. RIC 1610095 |
| *Matthews v. Red Hill Country Club* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1706187 |
| *Vinnitsky v. L.A. Overnight, LLC* | Los Angeles Cty. Sup. Ct. Case No. BC655314 |
| *Delgado, et al. v. Cienega Medical Spa, Inc.* | Los Angeles Cty. Sup. Ct. Case No. BC637702 |
| *Backus v. Schireson Bros, Inc.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1809620 |
| *Carrillo v. Merchant of Tennis, Inc.* | Los Angeles Cty. Sup. Ct. Case No. BC707896 |
| *Fonseca, et al. v. United Ag Personnel Management, Inc., et al.* | Kern Cty. Sup. Ct. Case No. BCV-17-100791 |
| *Abelar v. American Residential Services, LLC* | C.D. Cal. Case No. 19-cv-00726-JAK (JPRx) |

2

| *Abbott, et al. v. Vitco Distributors, Inc.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1820214 |
|---|---|
| *Machorro-Fernandez v. Tacos La Bufadora, Inc.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1831535 |
| *Araujo v. Dealer Solution Service, Inc., et al.* | Los Angeles Cty. Sup. Ct. Case No. BC720944 |
| *Arteaga, et al. v. B.W. Hotel, LLC* | Los Angeles Cty. Sup. Ct. Case No. BC708551 |
| *Hurtado v. CitiStaff Solutions, Inc., et al.* | Los Angeles Cty. Sup. Ct. Case No. 19STCV02853 |
| *Revels v. Bottling Group, LLC* | Orange Cty. Sup. Ct. Case No. 30-2018-01031810-CU-OE-CXC |
| *Scott, et al. v. Kuehne+Nagel, Inc.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1707477 |
| *Green, et al. v. Material Supply, Inc.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS1928214 |
| *Zamarripa v. Superior Talent Resources, Inc.* | Orange Cty. Sup. Ct. Case No. 30-2019-01060339-CU-OE-CXC |
| *Perez v. Contera Construction Corp.* | Riverside Cty. Sup. Ct. Case No. RIC 2002575 |
| *Reising v. El Pollo Loco, Inc.* | Los Angeles Cty. Sup. Ct. Case No. 20STCV42951 |
| *Lopez v. Eastern Los Angeles Regional Center for the Developmentally Disabled, Inc.* | Los Angeles Cty. Sup. Ct. Case No. 20STCV36703 |
| *Martinez v. Simplified Labor Staffing Solutions, Inc.* | Los Angeles Cty. Sup. Ct. Case No. 19STCV05288 |
| *Rodriguez v. California Payroll Group, Inc., et al.* | San Bernardino Cty. Sup. Ct. Case No. CIVDS 1829017 |
| *Santos v. Walsh Shear Corridor Constructors* | Los Angeles Cty. Sup. Ct. Case No. BC721303 |

12. WLF also has considerable experience litigating consumer class actions. For example, Judge Orrick of the U.S. District Court for the Northern District of California, granted final approval to, and appointed my firm (along with co-counsel) as class counsel in a consumer

3

class action entitled *Knapp v. Art.com, Inc.*, Case No. 3:16-cv-00768-WHO, which involved a nationwide settlement based on allegations that the defendant engaged in deceptive sales practices.

13. In 2018, Judge Freeman of the U.S. District Court for the Northern District of California, granted the plaintiffs' contested motion for class certification, certifying a California damages and injunctive relief class of consumers relating to false and deceptive advertising regarding the geographical origin of certain beers in the action entitled *Broomfield, et al. v. Craft Brew Alliance, Inc.*, Case No. 5-17-cv-01027-BLF. Judge Freeman appointed my office and Faruqi & Faruqi, LLP as class counsel in that matter.

14. In 2019, Judge Lorenz of the U.S. District Court for the Southern District of California, granted final approval to, and appointed my firm (along with co-counsel) as class counsel in a consumer class action entitled *Dashnaw, et al. v. New Balance Athletics, Inc.*, Case No. 3:17-cv-00159-L-JLB, which involved settlement of a California class based on allegations that the defendant engaged in deceptive "Made in USA" representations with respect to some its shoes.

15. WLF is currently litigating consumer and wage and hour class actions in state and federal courts throughout the country.

## LODESTAR

16. To date, I have spent 662.30 hours on this case.[1] At a requested rate of $700 per hour, my lodestar is $463,610. The basis for my lodestar is explained below.

17. The requested rate of $700 per hour reflects my 2022 hourly rate. *See, e.g.*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("current rates, rather than historical rates, should be applied in order to compensate for the delay in payment").

---

[1] These hours are compiled from contemporaneous time records.

4

18. I have general familiarity with the range of hourly rates typically charged by plaintiffs' class action counsel in the geographical area where my firm practices (California) and in the district where this Court sits. With this background, it is my opinion that my hourly rate is reasonable and appropriate.

19. I am informed and believe that this rate is consistent with the New York legal market for attorneys who manage complex litigation and class actions like this one. This is evident from cases cited in Plaintiffs' Fee Application and in the materials attached to the Declaration of Timothy J. Peter, such as the Real Rate Report, demonstrating that partner rates in New York are often in excess of $1,000 per hour.

20. This rate is also consistent with my hourly rate previously approved by California courts. The Court may consider evidence of counsel's customary hourly rate. *See, e.g., People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (holding that an attorney's actual billing rate for similar work is presumptively appropriate). For example, my hourly rate in 2021, was, as a general matter, $650 per hour, which was approved by several California courts. *See, e.g., Scott, et al. v. Kuehne+Nagel, Inc.*, San Bernardino County Sup. Ct. Case CIVDS1707477; *Garcia v. Satvinder Sraon, Inc., et al.*, Los Angeles County Sup. Ct. Case No. 18STCV08728; *Green, et al. v. Material Supply, Inc.*, San Bernardino County Sup. Ct. Case CIVDS192821; *Perez v. Contera Construction Corp.*, Riverside Sup. Ct. Case No. RIC 2002575; and *Lopez v. Eastern Los Angeles Regional Center for the Developmentally Disabled, Inc.*, LASC Case No. 20STCV36703.

21. A $50 per hour increase from the prior year is appropriate. Courts routinely recognize that a yearly increase is appropriate based on inflation and the increased costs of practice, as well as increase in experience. *See, e.g., In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 589

n.10 (S.D.N.Y. 2008) ("The use of current rates to calculate the lodestar figure has been endorsed repeatedly by courts as a means of accounting for the delay in payment inherent in class actions and for inflation."); *Charlebois v. Angeles Baseball, LP*, 993 F.Supp.2d 1109, 1125 (2012) ("courts routinely recognize that fee rates increase over time based on a variety of factors."); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) (approving as reasonable an approximate 10 percent increase between 2011 rates and 2012 rates and because "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice"); *LaPeter v. Canada Life Ins. Co. of Am.*, No. CV06–121–S–BLW, 2009 WL 1313336 *3 (D. Idaho May 11, 2009) ("It is typical for rates to increase on a yearly basis and, also, for associates' and paralegals' rates to increase as they gain more experience."); *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 649 (7th Cir. 2011) ("market value increased by more than the amount of inflation as [attorney] acquired additional experience and successful outcomes over the past decade").

22. This rate is also consistent with prevailing rates in the California legal market. *See, e.g., Carlotti v. Asus Comput. Int'l*, No. 18-CV-03369-DMR, 2020 WL 3414653, at *5 (N.D. Cal. June 22, 2020) (finding that rates of $900 per hour, $950 per hour, and $1,025 per hour reasonable in Northern District of California); *Iorio v. Allianz Life Ins. Co. of N. America*, No. 05-CV-0633-JLS (CAB), 2011 WL 13177361, at *9 (S.D. Cal. Mar. 3, 2011) (2011 partner rates of $750 per hour reasonable in Southern District of California); *POM Wonderful, LLC v. Purely Juice, Inc.*, No. 07-2633-CAS (JWJx), 2008 WL 4351842, at *4 (C.D. Cal. Sept. 22, 2008) (2008 partner rates of $750 to $450 reasonable in Central District of California).

23. As co-Class Counsel, I was actively involved in all stages of the litigation, including but not limited to, pre-complaint investigation, drafting several iterations of the complaint and other pleadings, factual and legal research, discovery, work with experts, briefing the motion to dismiss and motions related to preliminary and final approval, settlement efforts, and overseeing settlement notice and administration.

24. In addition, Class Counsel worked hard to move this case forward in an efficient manner. Although Class Counsel vigorously litigated this case behalf of the Class, we were also mindful of avoiding unnecessary battles that would create work, but not necessarily advance the case. For example, we were able to work out discovery disputes with Defendant without having to engage in costly discovery motions. This philosophy of zealous but professional litigation generally guided Class Counsel's approach throughout the case.

25. Class Counsel also worked in cooperation with one another to endeavor to divide tasks, ensure efficient case management, and avoid duplicative work. In that vein, I have omitted from my hours the time I spent emailing Co-Counsel, which was substantial. I also tried to minimize administrative work, such as filings, service of process, etc., which I understand was performed by paralegals and other staff with Faruqi & Faruqi, LLP. To the extent I performed administrative work, I have not included it in the foregoing chart of compensable time.

26. The requested fee award is also meant to compensate for work that will be performed in the future. Among other things, Class Counsel will still need to: (a) prepare for and attend the Final Approval Hearing, (b) address any Objections that may be raised,[2] (c) communicate with Settlement Class Members to answer any questions they may have or address

---

[2] This time could be considerable, particularly if appeals are filed.

7

any issues with the claims process, and (d) if the Settlement is approved, continue to work with the Settlement Administrator to ensure that the Settlement is fully implemented.

## CONTINGENT RISK

27. WLF took this case on a contingent basis and has devoted a substantial amount of time and energy into litigating this case all while receiving no payment and in the face of considerable risk. WLF faces considerable risk in every contingency-fee case that it takes on. For example, in a consumer class action involving deceptive origin claims, my firm and Faruqi & Faruqi, LLP devoted thousands of hours of time and several hundred thousand dollars in costs, only to lose at class certification.

28. WLF knew that in this case, Defendant would devote significant resources to this litigation and would retain skilled attorneys who would (and did) mount a vigorous defense. WLF also knew that there were risks regarding the viability of Plaintiffs' claims, whether Plaintiffs would be able to obtain the evidence to support their claims, and whether Plaintiffs would be able to successfully certify a class. And even if a settlement or favorable judgment was reached, payment would be deferred for a considerable period of time—in this case, approximately three years since the initial investigation of this action.

## LITIGATION EXPENSES

29. The out-of-pocket litigation costs that WLF incurred in prosecuting this action are itemized below:

| Description | Amount |
| --- | --- |
| Postage costs | $22.55 |
| Copying costs ($0.10 per page) | $50.00 |
| Pacer downloads | $3.00 |
| *Pro Hac Vice* fees | $30.63 |

8

| | |
|---|---|
| Expert consulting fees | $25,360.28 |
| Product purchases | $13.98 |
| Mediation fees | $7,700.00 |
| Airplane ticket to Final Approval Hearing | $654.96 |
| **Total** | **$33,835.40** |

30. In total, WLF has incurred $33,835.40 in costs litigating this case. I believe all of the foregoing costs were reasonable and necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 18, 2022.

Aubry Wand