UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, et al., <br><br> *Plaintiffs* <br><br> v. <br><br> GODIVA CHOCOLATIER, INC., <br> *Defendants*. | No. 1:19-cv-0972-AJN <br><br> Fed. R. Civ. Proc. 23(a), 23(b), 23(e), 23(h) |

**OBJECTOR SHIYANG HUANG'S SUPPLEMENTAL DISCLOSURE
IN RESPONSE TO REQUIREMENTS IN CLASS NOTICE**

Objector Shiyang Huang submits the following in response to class notice requirements. Dkt. No. 72 at 14, ¶ 31. He responds to each clause herein. He OBJECTS to Parties' proposed request for full disclosure of all objections filed in class action settlements. *Pearson v. Target Corp.,* 968 F.3d 827, 831 n.1 (7th Cir. 2020) ("the merits of an objection are relevant, not amateurism or experience.")

1. Huang hereby files his "**Objection to Class Settlement in *Hesse, et al. v. Godiva Chocolatier, Inc.,* No. 1:19-cv-00972-AJN**". Dkt. No. 72 at 14.

   Contact Information is available in his objection's signature block.

   He is not represented by counsel.

2. I intend to appear in the fairness hearing, if scheduling / time permits.

3. His objection applies to the entire Class.

4. Huang has submitted a claim under claim number WCF0231699.

5. **Class Counsel must be condemned for leveraging such requirement to burden objectors to their settlement proposal. Huang OBJECTS to this requirement.**

1

**He reserves rights to charge Class Counsel hourly for such practically frivolous discovery requirement. Huang spent more than 2 hours completing this utterly pointless ask for two sets of class counsels (and reserves his right to ask counsel for half costs).**

He, in good faith, did his best to comply with this demand here, but he is an "experienced class action objector," (*see infra*), thus his best attempt to recollect his substantial involvement in class-action settlements might inadvertently exclude any cases that he was unable to recall.

But Huang can say, he has **never** sought improper, selfish payments for withdrawing his objections without any meaningful benefits to the Class. He even opposed other objectors seeking such improper payment. Opposition to Objector Settlement by Shiyang Huang, *In re Lithium Ion Batteries Antitrust Litig.,* MDL 2420, Case No. 4:13-md-2420, ECF No. 2731 (N.D. Cal. Feb. 15, 2022). Should any counsel improperly launch *ad hominem* attack by accusing nonexistent improper conduct, such frivolous acts will be likely be simply self-inflicting.

### Involvements as a class member

1) I successfully objected *In re Optical Disk Drive Prods. Antitrust Litig.,* No. 3:10-md-2143 (N.D. Cal.). The Court agreed with my objection in part, and reduced class counsel attorney's fee by **$18 million** because "Hagens Berman's initial fee application fell short of meeting its full duty of candor". *In re ODD*, 2021 WL 3502506, at *10 (N.D. Cal. Jul. 2, 2021) (Seeborg, C.J.). Judge Seeborg granted my **$500 objector award request, despite opposition, in full,** because the result ($18

million fee reduction to the benefit of Class) "would have been basically the same had [all other objectors] dropped out, and *only* Huang had been making the arguments." *ODD*, ECF No. 3067.

2) I successfully objected in *Kukorinis v. Walmart Inc.,* No. 1:19-cv-20592, ECF No. 98 at 7 & n.4 (S.D. Fla. Sep. 21, 2021) (noting Huang solely discovered class counsel's "double counting" of litigation costs, and that Huang's objection led to class counsel's re-filed attorney's fee motion for $1.25 million lower). The Court elected to reduce Plaintiffs' fee by another $225,000, totaling **$1.5 million more money going to class members.** I moved for and was **awarded $1.00** (yes, just one single dollar) for my work adding $25,000 for the Class. That one dollar came from Class Counsel's fee and thus did not reduce Class recovery. An additional unopposed motion for $99 objector award remains pending.

3) I successfully opposing sealing of documents and re-attempted final approval of class-action settlement in *Briseno v. Conagra Foods, Inc.,* No. 2:11-cv-5379 (C.D. Cal.), on remand from the Ninth Circuit in *Briseno v. Henderson,* 998 F.3d 1014 (9th Cir. 2021). The Court granted my opposition and unsealed documents in part, and denied the Settlement approval. Plaintiffs' reconsideration motion is pending, and Huang has filed an opposition to that request.

4) I filed opposition to preliminary approval in *Hadley v. Kellogg Sales Co.,* No. 16-cv-04955 (N.D. Cal.). The Court denied preliminary approval for reasons resembling Huang's argument that that case was a coupon settlement. 2020 WL 836673 (N.D. Cal. Feb. 20, 2020). *Kellogg Labeling Settlement Valued At $31.5 Million Denied*

3

*Preliminary Approval.* Lexis Legal News. (Feb. 25, 2020). https://www.lexislegalnews.com/articles/48347/kellogg-labeling-settlement-valued-at-31-5-million-denied-preliminary-approval The parties altered the Settlement class definition afterwards, and I did not object after notice issued.

5) I filed a letter to class counsel, **in support of attorney's fee motion** as a class member. Reply, *Yamagata v. Reckitt Benckiser LLC*, No. 3:17-cv-3529-VC, ECF No. 236 at 3 (N.D. Cal. Oct. 21, 2021) (counsel repeatedly cites Huang's support as an "experienced class action objector" for reasonableness of their fee request).

6) I objected, appealed, and filed a cert petition with the United States Supreme Court in *In re Equifax,* 999 F.3d 1247 (11th Cir. 2021), *cert. denied,* No. 21-336 (U.S. Nov. 1, 2021).[1] My appeal was covered by Reuters.com. *See* Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9 (profiling my **Article III standing** arguments in detail).[2] *Equifax, Class Waive Responses In High Court Appeal Of Data Breach Row Settlement.* Lexis Legal News. (Sep. 23, 2021).

---

[1] Another petition for a writ of certiorari was separately filed by another Objector. *cert. denied,* No. 21-638 (Jan. 10, 2022).

[2] *Equifax* Class Counsel confirmed with the Eleventh Circuit that "the district court has never found [Huang] to be a serial objector." *See* Plaintiffs' Response to Motion, *Huang v. Spector,* No. 20-10249, at *15 (11th Cir. May 27, 2020).

https://www.lexislegalnews.com/articles/67119/equifax-class-waive-responses-in-high-court-appeal-of-data-breach-row-settlement

7) I objected, appealed, and petitioned at the U.S. Supreme Court arising from *Schultz v. Edward Jones Co., LLP.,* 791 Fed. Appx. 638 (8th Cir. 2020), *cert denied,* 141 S. Ct. 252 (2020). The **Article III standing** issues I petitioned was later addressed by *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2208 n.4 (2021).

8) I moved to intervene in *Schwartz v. Yahoo! Inc.,* No. 20-16633 (9th Cir.), arising from the Yahoo! Data Breach. I did not object in the district court, but intervened on appeal for **Article III standing** issues in light of *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021) (reversing Ninth Circuit precedents). Journalists covered it too. *Intervenor Can't Participate In 9th Circuit Oral Arguments Over Yahoo Data-Sharing*. Lexis Legal News. (Jan. 25, 2022). https://www.lexislegalnews.com/articles/71649/intervenor-can-t-participate-in-9th-circuit-oral-arguments-over-yahoo-data-sharing.

9) I objected to *In re Pork Antitrust Litig.,* No. 18-cv-1776 (D. Minn.). I presented oral arguments to the Court in the fairness hearing solely regarding **Rule 23 class certification's evidentiary standards**. The presiding Chief Judge orally found my oral argument "helpful" in December 2021 and the motion is pending.

10) I objected to *In re Broiler Chicken Antitrust Litig.,* No. 1:16-cv-8637 (N.D. Il.). I objected to service awards, fee requested by plaintiffs' counsel, after a contested class certification request with disputed admissibility regarding experts' testimonies. All the proceedings remain pending.

**For abundance of caution, Huang also lists his work as a non-class member:**

1) My motion to brief as *amicus curiae* in support of rehearing was granted for *In re Google Inc. Street View Elec. Comm'n Litig.,* --F.4th--, 2021 WL 6111383 (9th Cir. Dec. 27, 2021), motion to file *amicus* brief granted (9th Cir. Jan. 19, 2022). The other *amici* are a coalition of State Attorneys General.

2) I filed a motion to brief as *amicus curiae* in support of vacating "**service awards**" in *In re Apple Inc. Device Performance Litig.,* No. 21-15758 (9th Cir.)

3) I filed a motion to determine Plaintiffs' **Article III standing** in *In re Capital One Customer Data Sec. Breach Litig.,* 1:19-md-2915 (E.D. Va.). The motion has not been docketed yet, as of the date I prepared this filing.

4) I filed *amicus* briefs in *Smith v. Costa Del Mar, Inc.,* No. 3:18-cv-1011 (M.D. Fla.), solely on (a) impermissibility of **service awards** under *Johnson v. NPAS Sols., Inc.,* 975 F.3d 1244 (11th Cir. 2020) and (b) assisting the Court to decide how it intends to distribute $4 million incremental recovery for class members.

5) I sought appearance as *amicus curiae,* in *In re Blue Cross Blue Shield Antitrust Litig.,* MDL 2406, 2:13-cv-20000 (N.D. Ala.). I opted out of class prior to such.

4)  I moved to appear as *amicus curiae* in *Larson v. Allina Health Sys.,* 17-cv-3835 (D. Minn.).

5)  I am currently considering whether to file an *amicus* brief in support of rehearing, in *McAdams v. Nationstar Mortgage*, No. 21-1087 (4th Cir.). The National Consumer Law Center filed a brief during the merits stage, in support of appellant urging reversal. Huang's decision is pending.



Huang provides his following scribble as his signature, in addition to below.

/s/ Shiyang Huang