

OFFICE OF THE ATTORNEY GENERAL
Consumer Protection Division

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
http://www.myfloridalegal.com

March 7, 2022
**SENT VIA EMAIL**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Rm 2102
New York, NY 10007
NathanNYSDChambers@nysd.uscourts.gov

    Re: *Hesse et al. v. Godiva Chocolatier Inc.*, Case No. 1:19-cv-00972

## CONCERNS OF STATE ATTORNEYS GENERAL REGARDING THE PROPOSED SETTLEMENT

Dear Judge Nathan:

Pursuant to Rule 23(e)(5)(A) of the Federal Rules of Civil Procedures and 28 U.S.C. § 1715, the Attorneys General of Florida, Idaho, Maryland, New Jersey, Ohio, and Utah ("Attorneys General"), on behalf of the purchasers of Godiva chocolate products in our States, write to address several issues that have come to our attention regarding the proposed settlement. The Attorneys General provide this letter as the "appropriate state official" entitled to notice of the proposed settlement. 28 U.S.C. § 1715(a)(2); *see also* S. REP. 109-14 5, 2005 U.S.C.C.A.N. 3, 6 (notice

1

of class action settlements provided to state officials "so that they may voice concerns if they believe settlement is not in best interests of their citizens.").

## I.     The Settlement Relief

The Parties proposed settlement offers the settlement class up to $15,000,000 in monetary relief in exchange for an expansive release of all claims that are based on, arise out of, or relate to the labeling and marketing of Godiva Chocolate Products.[1] Class members who submit claims receive $1.25 per Godiva Chocolate Product they purchased during the class period. If class members are unable to provide proof of purchase, their settlement benefits are capped at twelve purchases for a total of $15. If class members are able to provide proof of purchase, their claims are still capped, but they can claim up to eight additional purchases for a total of twenty purchases and a maximum payment of $25. The settlement does not provide non-monetary relief to class members.

The Settlement Agreement includes language that "no unclaimed Settlement Benefits shall return to Godiva under any circumstances." However, that restriction applies only to "unclaimed Settlement Benefits," which are defined essentially as uncashed checks and unclaimed PayPal funds provided to consumers who file claims. If class members' claims do not reach or exceed the $15 million maximum, then Godiva retains the difference.

---

[1] Capitalized terms have the same meaning as those defined in the Settlement Agreement.

## II. The Settlement Claims Rate

Despite the claims administrator's estimate that the settlement's notice plan reached approximately 82% of class members, claims have been insufficient to distribute the maximum settlement amount of $15,000,000.[2] This disappointing result is likely due, at least in part, to several aspects of the settlement which artificially depress the number of claims. First, the arbitrary $25 cap on claims with proof of purchase serves no purpose except to depress the claims rate. The proof of purchase requirement naturally limits the potential for fraudulent claims and so any cap on claims with proof of purchase is likely unnecessary. Furthermore, choosing an arbitrarily small maximum claim that is only marginally more money than the maximum claim without proof of purchase functions only to discourage class members from undertaking the extra effort required to find and submit proof of purchase.

Next, the Parties failed to utilize Godiva's records of online purchases, or other online retailer's records, to improve the claims rate by informing class members of the number of Godiva Chocolate Products they purchased. In communications with the Attorneys General, counsel represented that class members

---

[2] The Settlement Administrator's declaration reflects that as of February 21, 2022, the number of claims submitted, even if all are assumed to be valid and for the maximum value, total approximately $7 million (Decl. of Jeanne C. Finegan, APR, Concerning Implementation of Class Notice, ¶ 26).

3

who purchased from Godiva.com can access their purchase histories online for 730 days from the date of their most recent order. Online retailers such as Walmart and Amazon also sell Godiva Chocolate Products and are no doubt in possession of records that establish class member claims. Although an exhaustive effort to comb through these sources of information and identify every qualifying purchase may have proven cost prohibitive, some effort to identify the value of class member claims through readily accessible records could have been undertaken. Further, the direct notice provided to class members and the class website failed to even suggest or disclose that certain class members could access online purchase records to support their claims and obtain the maximum benefits available under the settlement.

     Finally, the manner in which notice is provided is likely inadequate to reach a large number of class members. In addition to providing a number of standard notice program components, including direct notice only to class members who purchased from godiva.com, but no other online retailers of Godiva Chocolate Products, the Parties arranged for banner ads to appear in response to various Godiva or chocolate related searches on the internet and various social media sites. Members of the Attorneys General offices have made numerous attempts to trigger these banner ads using the search terms suggested by the Parties and have failed to receive a single banner ad regarding the settlement. Further, notice of the settlement

does not appear on Godiva's own website which would both notify class members of the right to payment and inform them of the claims in this action.

### III.   The Settlement Provides no Benefit to Most Class Members

The low claims rate and the lack of injunctive relief provided by the settlement result in most class members receiving no relief while giving up a substantial release that covers all claims, including injunctive relief claims, related to Godiva's labeling and marketing practices. Plaintiffs' claims are premised on the allegations that Godiva can charge a supracompetitive price for its chocolates by misrepresenting their place of origin on the label.[3] The contours of this settlement allow Godiva to continue extracting a price premium from class members and other consumers who make additional purchases, and temporarily insulates Godiva's labeling and marketing practices from future private law suits because the broad release significantly restricts the number of plaintiffs and the damages recoverable in a future private action. The Attorneys General are aware that the Court dismissed Plaintiff's claims for injunctive relief and do not suggest that this decision was in error; however, Plaintiffs' counsels' decision not to pursue injunctive relief, either through repleading or through settlement, is notable. Class action settlements should not allow companies to pay for the ability to circumvent the law. This is particularly

---

[3] The Attorneys General take no position on whether Plaintiffs' claims are factually accurate.

5

true where a low claims rate and reversion minimize the monetary settlement cost to the defendant.

## IV. Conclusion

The Attorneys General urge the Court to consider the foregoing points in its decision on the final approval of this settlement. Additional notice to class members who have made readily discernable online purchases of Godiva Chocolate Products is warranted. Should the Court deny final approval, the Attorneys General urge the parties to take reasonable steps to maximize claims and consider including prospective relief in any future proposed settlement.

Respectfully submitted,

ASHLEY MOODY  
FLORIDA ATTORNEY GENERAL

DAVE YOST  
OHIO ATTORNEY GENERAL

BRIAN E. FROSH  
MARYLAND ATTORNEY GENERAL

SEAN D. REYES  
UTAH ATTORNEY GENERAL

LAWRENCE WASDEN  
IDAHO ATTORNEY GENERAL

MATTHEW J. PLATKIN  
NEW JERSEY ATTORNEY GENERAL