**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>      v.<br><br>GODIVA CHOCOLATIER, INC., and DOES 1 through 50,<br>               Defendants. | No. 1:19-cv-00972-AJN |

**SUPPLEMENTAL DECLARATION OF JAMES R PRUTSMAN OF**
**KROLL SETTLEMENT ADMINISTRATION LLC**
**IN SUPPORT OF FINAL APPROVAL**

1.      I am a Senior Director at Kroll Settlement Administration LLC ("Kroll"), formerly known as Heffler Claims Group. I have held this role and similar positions for 27 years. This Declaration is based upon my personal knowledge as well as information provided to me by my associates and staff.

## QUALIFICATIONS

2.      I graduated from Portland State University in 1987 with a Bachelor of Science degree in Information Systems and Quantitative Analysis. In 2005 I earned an MBA from the University of Oregon.

3.      In my professional career I have held various technology positions with responsibilities including design and development of database systems, the design and building of computer and telephone networks, the design of data processing facilities, and the staffing, training, and management of computer support personnel.

4.      I have worked in the class action administration field for more than 20 years. I developed the first communication website for a class action settlement, the Louisiana-Pacific Inner-Seal Siding Litigation in 1995. This site was the first of its kind, providing class members with access to the relevant court documents and a robust means of identifying the products at issue in that case. In 2001, I conceived and oversaw the development of the first website capable of receiving online claims in the MCI Non-Subscriber Rate Payers Litigation, an alleged long-distance overcharge settlement.

5.      I have extensive experience in the planning, development of systems, processes, and procedures for the successful notice and administration of hundreds of matters. Moreover, I have provided expert testimony to courts regarding claims administration processes and procedures and have overseen class action administration in some of the highest profile class action settlements in the United States.

6.      Kroll has significant experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

<u>EMAIL NOTIFICATION PROCESS</u>

7.      Kroll was provided the data used to effectuate the direct email notice from the Defendant.  In cases where notice is to be effectuated by mass email, opt-outs and spam concerns by email recipients can have a large impact on the effectiveness of an email campaign.  In our experience, this concern is less of an issue where the data used to effectuate the email notice is provided by the defendant, as defendants have the most direct contact with their customers and the customers have opted-in to receive emails involving the product which is the subject of the email.

8.      Consistent with standard practices, upon receipt of the Defendant's customer email data, Kroll ran the data through a proprietary process where the data received was subject to substantial data review and clean-up to address common anomalies as well as to validate deliverability utilizing various software programs.  In this case, given the volume of data provided (over 14 million records), this process involved multiple steps and took over 550 hours to complete.  Ultimately, Kroll culled the list down to 8,235,538 potentially valid email addresses

9.      In addition, to further ensure deliverability to the Defendant's customers, Kroll took extensive measures to avoid the email notices being flagged as spam, which is a risk with any mass email noticing.  These measures included, among other things, notifying the major ISP/MSP providers that Kroll would be sending the emails, and reviewing and revising the language in the notices to make it more purposeful.

10.      Notwithstanding these efforts, as expected, Kroll still received a large number of requests to unsubscribe from future emails and many recipients reported the emails received to the ISP/MSP providers as spam.

## CLAIMS REVIEW PROCESS

11.      As of March 21, 2022, Kroll has received a total of 829,637 Claims in connection with the above referenced matter.

12.      Kroll reviewed and analyzed all Claims to validate, check for fraud, and identify duplicate claims, consistent with industry practice.

13.      As of March 21, 2022, based on its review and analysis, Kroll has determined that there are 509,953[1] timely and valid Claims and has marked a total of 317,723 as not valid. Of the

---

[1] This number exceeds other consumer class action settlements that Kroll has administered for example in In Re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation, No. 2:19-md-02887-JAR-TJJ (D. Kan.), the number of valid claims received was approximately 24,640. Additionally, in In Shaw v.

timely and valid Claims, 500,012 are "Option A" Claims, which do not require a proof of purchase. The total value of the "Option A" Claims is $7,459,884.38. A total of 9,910 "Option B" Claims have been filed, which Claims require a proof of purchase.  The total value of the "Option B" Claims is $95,345.00.  Accordingly, the aggregate value of approved Claims is a minimum of $7,555,229.38[2].  Of the currently approved Claims, 36,455 claimants have requested to be paid by check and 140,846 by PayPal.  The current average unredeemed rate of PayPal transactions is around 1%.

14.     Additionally, as of March 21, 2022, based on Kroll's review and analysis, a total of 31 timely Claims were filed where the claimant did not select "Option A" or "Option B" (i.e. incomplete claims).  We are currently reviewing these Claims to determine if valid proof was submitted by the claimant.  If the claimant submitted a valid proof of purchase, they will be categorized as an "Option B" Claim, their Claim will be valued based upon the receipts provided, and they will be entitled to a distribution.  If the claimant did not submit a valid proof of purchase, the Claim will be marked as incomplete, they will be sent a letter via email or USPS, and they will have 30 days to visit the settlement website or mail a response to cure their Claim defect (we will also inform them of their right to convert their Claim to an "Option A" Claim).  Kroll will establish a specific landing page on the settlement website for this purpose.

15.     In addition, as of March 21, 2022, there are 1,930 timely Claims that were received by Kroll that did not specify the number of units purchased. These Claims have been marked as

---

Diamond Pet Foods, No. 20-cv-01620 (W.D. Wash), the number of valid claims received was approximately 31,966.

[2] The 509,953 number includes 31 claims, which as discussed in Paragraph 14, are currently in review because the claimant did not select "Option A" or "Option B." Moreover, as noted in Paragraph 15, apart from the 509,953 claims, there are 1,930 claims which have been marked as incomplete. Class Members may cure these claims, and thus the final valid claims number and aggregate amount paid to the class may increase.

incomplete. Kroll will send these claimants a letter via email or USPS and they will have 30 days to visit the settlement website or mail a response to cure their claim defect. Kroll will utilize the specific landing page on the settlement website for this purpose.

16.      Kroll, pursuant to the Settlement Agreement, disabled the online claim filing portal as of midnight (eastern standard time) on the claims filing deadline (February 23, 2002). Kroll does continue to receive claims by mail, which must be postmarked on or before the claims filing deadline in order to be valid. As of March 21, 2022, Kroll has received 44 late claims. All late claims will be logged but will be deemed invalid and ineligible for payment.

17.      As of March 21, 2022, Kroll has not received a claim from Kristin Arntzen.

<u>EXCLUSIONS FILED</u>

18.      As of March 21, 2022, Kroll has received 18 timely and valid exclusion requests. A report of the people requesting exclusion is attached as **<u>Exhibit A.</u>**

<u>ADMINISTRATIVE COSTS</u>

19.      I understand that the State Attorneys General have a concern that "the Parties failed to utilize Godiva's records of online purchases, or other online retailer's records" to inform class members of the number of Godiva chocolate products they purchased. This procedure would also be overly burdensome and costly. It would be to cost prohibitive and potentially error prone to send e-commerce purchasers an additional copy of their receipt. Specifically, the effort required to take the purchase transactional information and put it into a usable format for class members would require hundreds of hours of data analysis. Any purchase data stored in Godiva's records as product codes would have to be analyzed to determine what products were purchased, and then converted into claimant-friendly product names for the user to confirm their purchases. Given the lengthy class period covered by this Settlement, there would likely be data consistency issues,

limited production products, and promotions, which would need to be accounted for as well.  As of March 21, 2022, Kroll has billed a total $972,186.74.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on March 21, 2022 in Oklahoma City, OK.

James R. Prutsman

# EXHIBIT A

## EXCLUSIONS

1.  31213CJ9TYQVX          SUSAN HAGA
2.  31213CSNFS28F          NADIA HANCHARD
3.  31213GSSNQ437          JOSHUA COOLS
4.  31213HG6751P7          MADELINE AGADZHANOVA
5.  31213HHRGSCZS          DAVID MARTINSON
6.  31213HJHGZHM7          CAROLYN LOOMIS
7.  31213HMHSHP67          JOSEPH LALONDE
8.  31213HMJ4F852          DAVID COATNEY
9.  31213HMN1BM31          CJ GRUBB
10. 31213NZ3GVXT4          GARRETT MCCONNELL
11. 31213NZ8Y7DD5          LINDA CURTIS
12. 312130GPD3RDC          NIKIA DAVIS
13. 31213HJCC40B9          PIERRE BARTHELEMY
14. 31213HJJ48M8S          DEBORAH FEASER
15. 31213HH6MCWYH          ELLEN GODSALL
16. 31213HKXQMQ1Q          KAREN NEDER
17. 31213G6M4JMZH          ANDREW ROSBURY
18. 31213HK0K0V1Q          RYAN MITCHELL