F&F LLP — FARUQI & FARUQI

NEW YORK    CALIFORNIA    DELAWARE    GEORGIA    PENNSYLVANIA

April 12, 2022

**Via ECF**

Hon. Loretta A. Preska
U.S. District Court, S.D.N.Y.
500 Pearl Street, Courtroom 2220
New York, NY 10007

      Re: *Hesse, et al. v. Godiva Chocolatier, Inc.*, No. 1:19-cv-0972-LAP

Dear Judge Preska:

      After careful deliberation regarding the criteria requested by the Court, the Parties proposed three *cy pres* recipients that are dedicated to advancing consumer rights and the amelioration of false advertising and that provided declarations promising to earmark funds for these purposes.

      Despite this, Objectors Lehrer and Huang filed letters opposing all of these options—on unmeritorious, and in one instance misleading, grounds.

      For example, Mr. Lehrer persists in arguing that the proposed *cy pres* recipients "d[o] not achieve the 'next best' approximation of class member interests," when the Court already commended the reasonable approximation standard to the Parties. Ltr. from Eli Lehrer at 1 (ECF No. 124); *See* Final Approval Hr'g Tr. at p. 27. In any event, the standard is not dipositive because the Parties' proposed *cy pres* recipients clearly satisfy the next best standard.

      On top of that, Messrs. Lehrer and Huang both raise objections that are not consistent with the next best standard. For example, they object to organizations such as the NCLC because it performs work that is contrary to their personal beliefs—this time it is not polarizing issues, but in the case of Mr. Lehrer, it is the fact that NCLC has opposed the use of credit-based insurance scores to price insurance, and in the case of Mr. Huang, it is the fact that NCLC "supports *full cy press* settlement against Huang's position." Ltr. from Shiyang Huang at 1 (ECF No. 128). While the Objectors' personal beliefs may relate to their standing, the Court already held that standing was no impediment here, and thus, their personal opinions on issues *related to consumer protection* are irrelevant.

      Relatedly, Mr. Huang contends that CSPI is practically a "plaintiff's law firm," despite the fact that CSPI is a 501(c)(3) non-profit organization. Ltr. from Shiyang Huang at 1. In any event, this is another made-up standard. Plaintiffs are unaware of any authority that prohibits a *cy pres* recipient simply because it engages in some direct advocacy on causes, again, *related to the underlying action*. Indeed, this is consistent with both the next best and reasonable approximation

10866 WILSHIRE BOULEVARD  SUITE 1470  LOS ANGELES, CA 90024  PHONE: 424.256.2884  FAX: 424.256.2885  faruqilaw.com

standards, and is consistent with the Court's directive to propose *cy pres* recipients that work on consumer rights and the amelioration of false advertising.

In emails to counsel, Mr. Huang goes on to request that the Parties stipulate to a *cy pres* recipient, claiming that he is "not into wasting [his] time reviewing 10 more unqualified recipients," as if he had not interjected himself into this issue and he was the arbiter of selecting the *cy pres* recipient. *See* Decl. of Aubry Wand ("Wand Decl."), Ex. A. Mr. Huang also disagrees with Mr. Lehrer's suggestion that the un-negotiated funds escheat to the Treasury. *See id.*, Ex. B.[1]

In the originally filed version of his letter (ECF No. 124), Mr. Lehrer claimed there is a conflict of interest between Faruqi & Faruqi, LLP ("F&F") and CSPI because they served as co-counsel in *Astiana v. Kashi Co.*, No. 3:11-cv-01967 (S.D. Cal.). This is inaccurate. The only basis for this assertion was a docket sheet of all counsel of record in that action—a clear lack of due diligence. *See* Wand Decl., Ex. B. Class Counsel informed Mr. Lehrer's counsel that this representation was incorrect, and that in fact, F&F went up against CSPI in a class counsel leadership battle in *Astiana*. Mr. Lehrer thereafter filed a new letter (ECF No. 129) removing any reference to *Astiana* and *In re Aurora Dairy Corp.*,[2] albeit without any explanation to the Court. Mr. Lehrer's new letter now only references *In re Bank of America Home Affordable Modification Program (HAMP) Contract Litig.*, MDL No. 2193 (D. Mass.), but in that MDL, neither F&F or NCLC were part of the leadership group, and when class certification was denied, both groups litigated their cases separately. Put simply, Class Counsel has no relationship, and no conflict of interest, with any of the three proposed *cy pres* recipients.

In sum, the Objectors' groundless and inconsistent objections to routine *cy pres* recipients have invoked an unnecessary debate into "the comparative worth of our nation's public interest organizations," which the court in *In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 851-52 (S.D.N.Y. 2016) cautioned against. Plaintiffs urge the Court to reject the arguments made by Messrs. Lehrer and Huang and to select one of the three *cy pres* recipients proposed by the Parties.

Respectfully submitted,

/s/ *Benjamin Heikali*
Benjamin Heikali
*Counsel for Plaintiffs*

cc:   All counsel of record (via ECF)

---

[1] In his two emails, Mr. Huang also takes apparently conflicting views: first, that it would be improper to distribute the funds to State Attorneys' General, and then suggesting the opposite.

[2] In any event, Mr. Lehrer's original reference to *In re Aurora Dairy Corp.*, No. 4:08MD01907 (E.D. Mo.) is equally unavailing because in that MDL, F&F and CSPI were both part of a group of dozens of firms listed as "additional counsel," with both firms playing a very minor role in the litigation. Moreover, CSPI eventually withdrew as counsel in that action. *See* ECF No. 324.