UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GODIVA CHOCOLATIER, INC.,

Defendant.

No. 1:19-cv-00972-LAP

**PLAINTIFFS' OPPOSITION TO SHIYANG HUANG'S
MOTION FOR AN OBJECTOR AWARD**

I.  **INTRODUCTION**

Shiyang Huang's Motion for an Objector Award of $25,000 ("Mot.") should be denied.

As a procedural matter, Mr. Huang failed to comply with the Court's Individual Practices requiring a pre-motion conference. On the merits, Mr. Huang does not (and cannot) put forward a coherent framework for analyzing his request or a viable legal theory in support of his request. First, Mr. Huang achieved no benefit to the Class, which is a pre-requisite to any fee recovery. Second, public policy does not support an award, particularly in light of Mr. Huang's conduct. Third, Mr. Huang's request that the payment come from the Court-awarded attorneys' fees violates the rules against non-attorney fee sharing and is otherwise inappropriate. Fourth, Mr. Huang is foreclosed from arguing that the payment should be considered a service award, because one month ago he argued such awards are unlawful. Lastly, even if the Court were to entertain Mr. Huang's request, it could not award $25,000, or any amount for that matter, because Mr. Huang has willfully failed to provide any factual basis in support of this requested amount.

II. **ARGUMENT**

    A.  **Mr. Huang Violated This Court's Individual Practices**

As an initial matter, Mr. Huang has violated this Court's Individual Practices. On April 20, 2022, Mr. Huang filed the instant Motion. ECF No. 136. Before doing so, Mr. Huang did not comply with Rule 2.A of the Court's Individual Practices, which requires the moving party to, *inter alia*, submit a letter to the Court setting forth the basis of the anticipated motion. The Court could deny Mr. Huang's motion for this reason alone, although as explained below, the Court should independently deny the motion on the merits.[1] *See Baez Duran v. E L G Parking Inc.*, No.

---

[1] Mr. Huang should not be afforded any leeway as a *pro se* litigant. He is well aware of the local rules and the Court's Individual Practices. For example, he has regularly cited L.R. 7.2, demanding that Class Counsel send him copies of all unpublished cases. *See* Declaration of Aubry Wand ("Wand Decl.") ¶ 8, Ex. D.

18 Civ. 6685 (GBD) (SLC), 2021 WL 1338982, at *2 (S.D.N.Y. Apr. 9, 2021) (denying motion to compel for failing to comply with local rules and court's individual practices); *Spanski Enters., Inc. v. Telewizja Polska S.A.*, No. 19 Civ. 1619 (PGG), 2019 WL 6498257, at *7 (S.D.N.Y. Dec. 2, 2019), *aff'd*, 832 F. App'x 723 (2d Cir. 2020) (striking cross motion for summary judgment based on failure to comply with the court's pre-motion conference requirement).

### B. Mr. Huang Obtained No Benefit to the Class

Even if Mr. Huang had complied with this Court's rules, his request should be denied because it is blackletter law that an objector can only be compensated for efforts that benefit the class. *See In re Excess Value Ins. Coverage Litig.*, 598 F. Supp. 2d 380, 392–93 (S.D.N.Y. 2005) (citing cases). In the Motion, Mr. Huang points to no benefit to the Class as a result of his efforts. Nor could he. The Court rejected all of Mr. Huang's arguments regarding the adequacy of class notice, and the mere fact his arguments overlapped with those raised by the State Attorneys' General is irrelevant, and, as discussed below, actually cuts against Mr. Huang's request. *See* Mot. at 2 ("An award should be granted to Huang for delivering work mirroring State Attorneys General in his objection (despite having absolutely zero coordination with the State AGs)"). An unsuccessful argument that achieved no benefit for the Class, even if it happened to be made by government officials, does not entitle Mr. Huang to compensation.

Similarly, the notion that Mr. Huang should be compensated for filing a sur-reply (ECF No. 108) (where he incorrectly argued that *Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020) provides a blanket rule of standing for class members to object to any aspect of a settlement), is unavailing, as his sur-reply achieved no benefit to the Class. Mot. at 5. Nor did it result in a ruling favorable to his position on standing, as the Court never addressed the issue. *See* Final Approval Hr'g Tr. at 18 ("Plaintiffs argue that for various reasons Ms. Arntzen and Mr. Huang lack standing.

Because the Court has an independent obligation to determine whether the settlement is fair, reasonable and adequate, it need not rule on the specific objections to standing, but will consider the substance of the objections as the Court deems appropriate.").[2]

Lastly, Mr. Huang claims that he should be compensated for his argument with respect to the attorneys' fees. *See* Mot. at 6.[3] But there is nothing in the record to suggest that Mr. Huang's arguments were instrumental to the Court's decision to reduce the fees. To the contrary, the Court independently reached this decision. *See In re Excess Value*, 598 F. Supp. 2d at 393 (denying objector's request for attorneys' fees, reasoning that "[f]undamentally, the Court needed little or no assistance from the Objectors in determining that Class Counsel's Fee Application should be ... tailored to the actual benefit received by the Class.").

Nor did the basis for the fee reduction have any relationship to Mr. Huang's arguments. During the Final Approval Hearing, the Court distinguished *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007), and agreed with the reasoning in *Hart v. BHH, LLC*, No. 15-cv-4804, 2020 WL 5645984, at *8, 12 (S.D.N.Y. Sept. 22, 2020), that attorneys' fees should be measured as a percent of the amount claimed by the class. Mr. Huang did not make that argument, and to the extent there was any overlap, his arguments were redundant of those made by Objector Eli Lehrer. *See In re Groupon, Inc., Mktg. & Sales Pracs. Litig.*, No. 11md2238 DMS (RBB), 2012 WL 13175880, at *1 (S.D. Cal. Dec. 18, 2012) (denial of objector's fee request was not an error where objectors' work was duplicative and conferred "no unique benefit to the class."); *Rodriguez*

---

[2] Thus, the Mr. Huang's claim that "[a]fter Huang's objection was filed, though, Huang did advance a separate argument that was meritorious, defending objectors' standing to challenge the fees" is false. *See* Mot. at 4.

[3] Mr. Huang claims that if it were not for the structure of the settlement, the unawarded fees would have reverted to the Class. This type of speculation does not suffice. Courts should not "adopt a level of generality that would broadly frame the relevant issue as 'protecting the class.'" *See In re Petrobras Sec. Litig.*, 786 F. App'x 274, 278 (2d Cir. 2019).

*v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) ("With respect to [objectors' duplicative arguments to reduce class counsel's fees], we agree with the district court that, where objectors do not add any new legal argument or expertise, and do not participate constructively in the litigation or confer a benefit on the class, they are not entitled to an award premised on equitable principles."). Instead, Mr. Huang advocated for outright denial of final approval. *See generally* Huang Objection (ECF No. 92). If Mr. Huang had been successful, there would be no funds to pay to him, nor would over $7 million be paid to the Class.

### C. Public Policy Does Not Support a Payment to Mr. Huang

Perhaps recognizing that he has rendered no benefit to the Class, Mr. Huang relies primarily on the policy argument that objector awards promote "healthy objector practices in class-action settlements."[4] Mot. at 2. This policy argument lacks merit as well.

As discussed above, Mr. Huang did not benefit the Class in any respect, and the Court rejected the majority of his arguments. Thus, assuming objector payments advance a beneficial policy of encouraging meritorious objections, it would not apply on the facts here. Relatedly, Mr. Huang's practices in this matter have been anything but "healthy." Putting aside his faulty legal arguments, Mr. Huang has engaged in grossly unprofessional behavior behind the scenes—making implied threats, unreasonable demands, and more generally, mocking counsel and other persons such as NAD, one of the *cy pres* recipients proposed by Class Counsel. Wand Decl. ¶¶ 5-8, Exs. A-D. This is a repetitive pattern of behavior for Mr. Huang. For example, *In re Optical Disk Drive Prods. Antitrust Litig.*, plaintiffs' counsel was so disturbed by Mr. Huang's conduct that they had to block his emails on the grounds that Mr. Huang was harassing a female partner. Wand Decl. ¶

---

[4] This argument is analogous to the policy underlying service awards, which as discussed *infra*, Mr. Huang is foreclosed from seeking here.

9, Ex. E. The Court should not turn a blind eye to this unacceptable behavior, much less encourage it by awarding Mr. Huang a payment.

Ultimately, public policy considerations militate against a fee award to *pro se* objectors like Mr. Huang because it would "undermine the policy of encouraging the retention of counsel in all cases." *See*, *e.g.*, *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 818 (E.D. Wis. 2009); *UFCW Local 88–Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 Fed.Appx. 232, 236 (10th Cir. 2009). This case perfectly illustrates at least one of the reasons underlying this policy: no reasonable attorney would feel comfortable engaging in the unprofessional behavior that Mr. Huang has engaged in here.

### D. Awarding Mr. Huang Fees From Class Counsel's Fee Award Is Inappropriate And Would Violate Ethics Rules Prohibiting Non-Attorney Fee Sharing

Mr. Huang asks the Court to award him $25,000 from the Court-awarded attorneys' fees to Class Counsel.[5] This is inappropriate for at least two reasons. First, Mr. Huang is not an attorney. Thus, his request squarely violates Rule 5.4 of the New York Rule of Professional Conduct, which provides that "[a] lawyer or law firm shall not share legal fees with a non-lawyer." Rule 5.4(a). There are three exceptions to this general rule, none of which apply here. *See id.*; *see also* Rule 5.4 of the American Bar Association Model Rules of Professional Conduct (articulating a similar rule)[6]. The Court should not endorse the unethical fee sharing agreement proposed by Mr. Huang.

Second, as a general matter, to the extent Mr. Huang is seeking attorneys' fees, *pro se* objectors are not entitled to attorneys' fees. *In re Currency Conversion Fee Antitrust Litig.*, 263

---

[5] Although Mr. Huang does not clearly articulate a legal basis for the payment, or whether he is seeking a "fee" or "award," the caption page of his brief references Fed. R. Civ. P. 23(e), and (h), which may suggest he considers the payment a fee award.

[6] To the extent Mr. Huang believes the New York Rules of Professional Conduct do not apply because some Class Counsel are located in California and Pennsylvania, the California and Pennsylvania rules prohibit the same conduct. *See* California Rule of Prof'l Conduct Rule 5.4(a); Pennsylvania Rule of Prof'l Conduct Rule 5.4(a).

F.R.D. 110, 132 n.6 (S.D.N.Y. 2009), *aff'd sub nom. Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010) ("*pro se* objectors are not entitled to attorney's fees, even if they are an attorney.") Because Mr. Huang is a *pro se* objector, he is foreclosed from recovering fees.

There appears to be only two instances where Mr. Huang has been successful in convincing a court to award him a nominal sum, both of which are outliers and inapplicable here. In *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-2143, ECF No. 3067 (N.D. Cal. Oct. 18, 2021), the court awarded Mr. Huang $500—which Mr. Huang himself described as a "nominal" amount—because apparently there was some basis to conclude Mr. Huang's played a role in increasing the fund to the class by nearly $22 million. *See id.* at 1. Here, Mr. Huang obtained no benefit to the Class, as he acknowledges. And as the court recognized, "no party has pointed to clear authority for making 'incentive' awards to objectors who appear without counsel" but still approved the payment because it was awarding another objector attorneys' fees to his counsel. *See id.* at 2. In other words, the court awarded a nominal sum to Mr. Huang based on the specific and unusual circumstances of the case.[7] *See id.* Similarly, in *Kukorinis v. Walmart Inc.*, No. 1:19-cv-20592, ECF No. 97 at 18 (S.D. Fla. Sept. 21, 2021), the court rejected Mr. Huang's arguments, but approved a payment of $1 to Mr. Huang, because it was unopposed and a "nominal" amount.[8] Here, Plaintiffs oppose payment of even a nominal sum to Mr. Huang.

In short, both of these cases are factually distinguishable, stand for the broader proposition that a payment to Mr. Huang is improper here, and to the extent they ignored unethical fee sharing—even if unopposed and for a nominal sum—they were wrongly decided.

---

[7] Of note, the same court later denied Mr. Huang's request for a $100,000 award because "he did not cause any increase in the net settlement funds available for distribution." *See* ECF No. 3087.
[8] In that case, Mr. Huang asked for an additional award of $99, which despite follow up efforts by Mr. Huang, has not be ruled on. *See* ECF No. 102.

### E. Mr. Huang Cannot Recover a Service Award

If the payment is not considered a fee, the only other theory would be to analyze it under the body of law that permits class representative service awards. But Mr. Huang has waived this argument by not making it in his Motion, and in any event, he is estopped from making it based on the opposite position he took earlier in this case.

Specifically. Mr. Huang vociferously opposed Plaintiffs' service awards, arguing they should receive no service award as a matter of law under "Supreme Court precedent." *See* Huang Objection at 19-25. Astoundingly, he now seeks an award of five times the amount requested by Plaintiffs, even though he achieved no benefit for the Class, while over $7 million will be paid to the Class as a result of Plaintiffs' efforts. Although Plaintiffs obviously disagree with Mr. Huang's original position on service awards, the salient point here is that Mr. Huang cannot, as a fundamental matter of fairness, argue that he is entitled to a service award when he previously argued they are unlawful. *Drazen v. Godaddy.com, LLC*, No. 1:19-cv-00563-KD-B, 2021 WL 1881648, at *2-3 (S.D. Ala. Apr. 22, 2021) is instructive. There, the court rejected an incentive award requested by the objector on the grounds that the Eleventh Circuit's prohibition of class representative service awards in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020) applied equally to "objector incentive awards." *See also Kukorinis*, No. 1:19-cv-20592, ECF No. 97 at 18 ("The Court questions why *Johnson's* holding would not similarly apply to a request for an Objector Award; however, in light of the lack of opposition, the nominal amount requested, and the fact that there is no Eleventh Circuit precedent directly on point, the Court will permit the $1.00 award.").

Thus, to the extent Mr. Huang's requested payment is construed as a service award, he is essentially arguing for a payment he believes to be unlawful.

### F. Mr. Huang Provides No Factual Basis in Support of a $25,000 Payment

Lastly, even if the Court were to entertain Mr. Huang's request, he provides no factual support for a $25,000 payment—or any payment for that matter. For example, he provides no explanation of the amount of time he dedicated to arguments he believes justify a fee, or at what rate he believes he should be compensated. Similarly, Mr. Huang fails to identify the unnamed charity of his choosing, as apparently, the rules and law that have been followed in this case do not apply to him.[9]

## III. CONCLUSION

For the foregoing reasons, the Court should deny Mr. Huang's Motion for an Objector Award.

DATED:  April 29, 2022

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: /s/ Timothy J. Peter
Timothy J. Peter (admitted *pro hac vice*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Tel: (215) 277-5770
Fax: (215) 277-5771
E-mail: tpeter@faruqilaw.com

Innessa M. Huot
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
E-mail: ihuot@faruqilaw.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand (admitted *pro hac vice*)
400 Corporate Pointe, Suite 300

---

[9] Recall Mr. Huang's objections to the three additional *cy pres* recipients proposed by the Parties, including opposition to NCLC, which was ultimately selected by the court, on the grounds that NCLC "supports full *cy pres* settlements against Huang's position." ECF No. 128.

                                                  Culver City, CA 90230
                                                  Tel: 310-590-4503
                                                  Fax: 310-590-4596
                                                  E-mail: awand@wandlawfirm.com

                                                  *Attorneys for Plaintiffs*