UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE HESSE and ADAM BUXBAUM, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GODIVA CHOCOLATIER, INC., and DOES 1 through 50,<br><br>　　　　Defendants. | No. 1:19-cv-00972-LAP |

# DECLARATION OF AUBRY WAND IN SUPPORT OF PLAINTIFFS' OPPOSITION TO SHIYANG HUANG'S MOTION FOR AN OBJECTOR AWARD

I, Aubry Wand, declare as follows:

1. I am an attorney at law, licensed to practice in the state of California. I am admitted *pro hac vice* in the above-captioned action.

2. My firm and Faruqi & Faruqi LLP serve as co-counsel of record for Plaintiffs and Class Counsel.

3. I make this declaration on the basis of personal knowledge. If called as a witness, I could and would readily and competently testify to all matters stated within.

4. I submit this declaration in support Plaintiffs' Opposition to Shiyang Huang's Motion for an Objector Award.

5. Attached hereto as **Exhibit A** is a true and correct copy of part of an email thread between Class Counsel and Mr. Huang. While it is quite difficult to decipher what Mr. Huang means in these emails, I understood him to be making a veiled threat—namely, that if we did not consent to some form of payment to him, he would respond by requesting an appeal bond on Plaintiffs if we appealed, appealing himself, or otherwise engaging in vexatious litigation, regardless of the merits. Of course, Class Counsel's position on an objector award should be unrelated to any of Mr. Huang's other litigation decisions, and the fact that he tethered them together—albeit in an intentionally convoluted manner—is, at least in my estimation, a threat of continued and even escalating vexatious litigation.

6. I believe this is particularly true in context, based on his other emails (e.g., asking us if we want to "share in class members' pain", *see* ECF No. 136-1), and his overly aggressive filings, as reflected in this docket, as well as in other cases. For example, attached hereto as **Exhibit B** is a true and correct copy of an order from *In Re Lithium Ion Batteries Antitrust Litig.*, where the court stated in pertinent part:

1

The docket here shows that serial objectors, such as Huang, have no issue submitting a flurry of filings to try and have the final word. The Court held a hearing on the motion and all parties that wanted argument received it. This is inherent in the Court's obligation to ensure that the agreement is fair and proper. The back and forth between the objectors further demonstrates their real intent: prevail on a motion to potentially have an avenue for additional recovery of fees or incentive payments for their work. A victory in this class action gives them ammunition to use in other class actions that are sprawling over the country.

7. Attached hereto as **Exhibit C** is a true and correct copy of an email Mr. Huang sent Laura Brett, of NAD, after the Court approved the National Consumer Law Center as the *cy pres* recipient in this case.

8. On several occasions, Mr. Huang has emailed Class Counsel demanding that we email him copies of all unpublished electronic opinions under L.R. 7.2, which we always promptly complied with. Attached hereto as **Exhibit D** is a true and correct copy of part of an email thread where Mr. Huang demanded we email him copies of numerous cases late in the evening and within hours of the filing.

9. A true and correct copy of the plaintiffs' opposition to Mr. Huang's motion for an objector award from *In re Optical Disk Drive Prods. Antitrust Litig.* is attached hereto as **Exhibit E.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 29, 2022.

Aubry Wand

2