# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No. 13-md-02420 YGR |
|---|---|
| | MDL No. 2420 |
| This Documents Relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| | Re: Dkt. No. 2746 |

Objector Shiyang Huang has filed a motion for leave to file a motion for reconsideration of this Court's order finding that he did not have standing to challenge a settlement between class counsel and another objector that was not derived from the settlement fund. Objector Huang's initial opposition to the settlement was untimely, a fact that he does not sufficiently justify, and he has filed several supplemental pleadings without leave or permission from the Court. Having carefully considered the papers submitted in connection with the motion, the Court **ORDERS** that the motion is **DENIED** for the reasons explained more fully below.

Under the local rules, a party seeking reconsideration must show: (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material facts or a change of law occurring after time of such order;" or (3) "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). A party may not repeat previously made arguments. Civ. L. R. 7-9(c). Neither an opposition nor a hearing are required. Civ. L.R. 7-9(d).

1    In denying the motion for settlement, this Court held that two objectors did not have
2    standing to challenge the agreement because there was no concrete injury on the factual record
3    presented. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("No concrete harm, no
4    standing. Central to assessing concreteness is whether the asserted harm has a "close relationship"
5    to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as
6    physical harm, monetary harm, or various intangible harms including (as relevant here)
7    reputational harm."). The Court does not disagree with the basic premise that an objector may
8    have standing where a settlement results in detriment to the class. Indeed, the Ninth Circuit has
9    found standing for objectors where class counsel agreed to take excessive attorneys fees and costs
10   in exchange for an unfair class settlement. *Lobatz v. U.S. West Cellular of Cal., Inc*., 22 F.3d 1142,
11   1147 (9th Cir. 2000). As presented, there was no concrete injury, and the approval of the
12   settlement was not akin to disgorgement where an objector would have a concrete injury.

13   Objector Huang contends that he should have standing to challenge the settlement
14   agreement as a class member because he would receive nothing from it. This begs the question of
15   why he would be entitled to anything in the first place where no showing was made that the
16   settlement at issue would detract from overall benefit to the class. "To demonstrate their personal
17   stake, plaintiffs must be able to sufficiently answer the question: "'What's it to you?'"
18   *TransUnion*, 141 S. Ct. at 2203 (citation omitted). "[S]tanding is not dispensed in gross; rather,
19   plaintiffs must demonstrate standing for each claim that they press and for each form of relief that
20   they seek[.]" *Id.* at 2208.

21   Notably, no one, not even Huang, disputed that the pending appeal would not add any value
22   to the class. No one seriously disputes that an earlier distribution would benefit the class. No one
23   disputed that on its face the agreement came from the personal funds of class counsel and not the
24   settlement fund. Instead, the primary dispute hinged on whether or not the settlement at issue was
25   akin to objector blackmail that should be rejected under amendments to Rule 23. The Court's
26   careful balancing of this public settlement determined that approving the settlement would set
27   disfavored precedent and declined the invitation to accept it.
28

Huang's concern that the Court's order will condone a practice of ex parte motions for settlement is misplaced.  The docket here shows that serial objectors, such as Huang, have no issue submitting a flurry of filings to try and have the final word.  The Court held a hearing on the motion and all parties that wanted argument received it.  This is inherent in the Court's obligation to ensure that the agreement is fair and proper.  The back and forth between the objectors further demonstrates their real intent:  prevail on a motion to potentially have an avenue for additional recovery of fees or incentive payments for their work.  A victory in this class action gives them ammunition to use in other class actions that are sprawling over the country.  However, "federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion*, 141 S. Ct. at 2203.  The party asserting standing must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct [], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).  The objections as presented did not persuade that these requirements were met.

At the end of the day, Huang concurs with the result reached further demonstrating that there is no manifest error.  The pending motion is **DENIED**.

This order terminates Docket Number 2746.

**IT IS SO ORDERED.**

Dated: March 31, 2022

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

3